MASTEN v. MASTEN.

No. 14422.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 2, 1942.

Rehearing Denied Nov. 6, 1942.

226

E. D. Hurt and Esir Tobolowsky, both of Dallas, for appellant.

John W. Culp, of Gainesville, for appellee.

SPEER, Justice.

The only point involved in this appeal is a construction and application of Rule 169, Texas Rules of Civil Procedure.

Plaintiff Perry Masten sued his brother, Lewis Masten, to recover $1,000, with legal interest, and to establish and foreclose a lien on defendant's undivided 1/28th interest in certain described lands.

Plaintiff's petition was filed on September 10, 1941, basing his cause of action upon an agreement made between plaintiff and defendant, whereby the latter would sell to the former his said interest in the land at the agreed price of $50 per acre, and further that plaintiff would from time to time let defendant have money thereon, and that if defendant did not convey the landed interest to plaintiff, the moneys so advanced to defendant should be repaid to plaintiff on demand, and if not so paid, plaintiff was to have a lien on the interest of defendant in the land to secure the moneys so advanced.

There are further allegations made that under said agreement plaintiff did at several intervals between July 7, 1940, and January 20, 1941, pay to defendant the aggregate sum of $1,000. The pleadings show the respective amounts and the dates on which they were paid. It is averred that defendant had refused to convey the land as per the agreement and that demand had been made for the repayment of the money, which demand had also been refused by defendant. Prayer was for the establishment of the debt and the fixing and foreclosing of the lien on the interest of defendant in the land.

Defendant answered by general demurrer, a special exception apparently leveled at the petition because it sought to establish a lien on land, because the petition "on its face shows that no instrument in writing was ever executed by this defendant, and no other grounds or facts are asserted that would authorize * * * a lien against defendant's property". A general denial was also interposed. Nothing more was pleaded.

It appears that the material facts involved are: (1) Did the parties enter into the agreement asserted by plaintiff; (2) did plaintiff advance to defendant under such an agreement the amounts at the times claimed by him; (3) did defendant convey the interest in the land; (4) was demand made by plaintiff upon defendant for repayment after defendant had declined to convey the land.

On October 21, 1941 (after answer filed by defendant), plaintiff, acting through his attorney, prepared and caused to be delivered to defendant, through U. S. registered mail, a request for admission or denial of the pertinent facts involved in the suit as provided by Rule 169, Texas Rules of Civil Procedure. The request for admission or denial of fact inquiries was full and complete. The opening paragraph with commendable frankness (although not specifically required by the rule) advised the defendant, in effect, that unless he answered under oath within ten days, either expressly admitting or denying said fact inquiries, or set forth in detail why he could not either truthfully admit or deny the same, each of the facts not expressly denied would be deemed admitted.

There were sixteen numbered paragraphs in the written request. They each inquired if defendant admitted some one of the ma-

terial facts necessary for plaintiff to establish his right of recovery. Such as: "Do you admit that on or about July 7, 1940, you entered into an agreement with Perry Masten or his wife Pearl Masten to sell to Perry Masten or Pearl Masten your undivided one-twenty-eighth interest in the Masten Estate located in Cooke County, Texas?" There were similar inquiries if he admitted that he received from plaintiff on named dates the seven varying amounts alleged in the petition. Other requests were if he admitted the receipt of each of said sums as part payment for his interest in the land; did he admit he had not conveyed the land; that he had not paid the money; that plaintiff had demanded conveyance; that plaintiff had demanded repayment of the money; that he had not conveyed the land nor repaid the money. Further, the inquiry asked if he admitted that on July 7, 1940, he told plaintiff that he could have a lien on the land to secure these payments like loans if he (defendant) did not convey the land.

Upon trial to the court without a jury, plaintiff called defendant to the stand and proved by him that he received the request for admissions above referred to, and that he did not answer any part of the document and that he made no effort to do so. Plaintiff offered in evidence the request for admissions above referred to; he then offered the testimony of plaintiff, who covered all the material and pertinent matters of fact involved in his petition. He was corroborated in most particulars by his wife and in others by his daughter and son-in-law.

Defendant was permitted to testify in his own behalf, over objection of plaintiff, definitely denying in every detail all matters of fact alleged by plaintiff, and testified to by him and his family, and to deny all the material inquiries made in plaintiff's request for admissions above referred to.

The court entered judgment for defendant, in rather short form, without enumerating any fact findings. After reciting the formal parts and overruling the special exception of defendant, to which exception was taken, it recites: "The court is of opinion that judgment should be rendered for the defendant." It was then so ordered and decreed. The plaintiff has appealed.

Two points for reversal are presented: (1) Error of the court in permitting de-fendant to testify denying the truth of the material points contained in plaintiff's request for admissions, made under Rule 169, and (2) error in entering judgment for defendant when plaintiff's testimony and defendant's legal admissions, by virtue of his failure to reply to plaintiff's above request for admissions, was not controverted other than by the incompetent testimony of defendant.

We are of opinion that both points are well taken. Rule 169, Texas Rules of Civil Procedure, which at all times during this controversy had the dignity of a statute, provides, in effect, that in circumstances involved here, the plaintiff can make a request in writing to defendant for admissions by him of the truth of the relevant matters of fact set forth in the request, and unless the defendant, within the time prescribed by the rule, denies under oath the truth of the facts contained in the request, or sets forth specifically why he cannot either truthfully admit or deny them, all such matters will be deemed as admitted by him as true.

■ So far as we are able to find, Rule 169 has not been construed by any of our appellate courts. It is a part of and referable to what is known in our new practice as "Pre-Trial Procedure". Words of commendation of the rule from us are futile. Its obvious purpose is to expedite trials and to relieve parties of the cost of proving facts which will not be disputed on trial, the truth of which can be ascertained by reasonable inquiry. Hanauer et al., etc., v. Siegel, D.C., 29 F.Supp. 329; Van Horne v. Hines, D.C., 31 F.Supp. 346. One may also read with profit an article on this point by Judge Robert W. Stayton, 20 Tex.Law Review 19.

Rule 169, T.R.C.P. is based upon and is in substantially the same language of Rule 36 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The settled rule in the Federal Practice appears to be that unless the requested fact issues are answered within the time and in the manner prescribed by the rule, they will be taken as admitted by the party who has been requested to answer. Walsh v. Connecticut Mut. Life Ins. Co., D.C.N.Y., 26 F.Supp. 566. The rule covers admissions of facts as well as the genuineness of documents. Smyth v. Kaufman, 2 Cir., 114 F. 2d 40, 130 A.L.R. 951, 954.

■ There are perhaps conditions under which a party would be heard in court to

deny statements and admissions previously made by him against interest, but we think the effect of Rule 169 is comparable to a legal admission made in the applicable pleadings of a party, which will admit of no denial by him.

Defendant (appellee) has filed no brief in this case and therefore we are not favored with his views upon the question involved.

As above indicated, we are unable to discover from the judgment the grounds upon which the trial court reached his conclusions. It would appear that having heard the testimony of both parties, which was most contradictory, he gave credence to the theory of defendant. But we conclude that the contradictory testimony of defendant should not have been admitted, since his legal admissions of the truth of the material matters before the court preclude him from doing so.

We know of no available means by which defendant could extricate himself from the unfortunate situation in which he has placed himself, if the case should be remanded for another trial.

In this connection, we pause to observe that while defendant did present to the court a special exception which may be said to refer remotely to the Statute of Frauds in connection with plaintiff's petition, it was overruled by the court, and there being no brief on file, of course there is no cross-assignment of error to the action of the court. When tested by Rule 91, T.R.C.P. we think the special exception was properly overruled. It will be noted that defendant did not plead affirmatively or otherwise the Statute of Frauds in defense of plaintiff's cause of action, as required by Rule 94, T.R.C.P.; consequently it cannot be assumed that the court found for defendant in this case because plaintiff's alleged cause of action was in violation of that statute. Art. 3995, R.C.S. If the court had entered judgment upon that theory it would have found no support in the pleadings. It could not be held to have fallen within Rule 67, T.R.C.P. because the issue was not tried out by the express or implied consent of the parties.

As we view this record, the testimony shows that plaintiff made the several payments aggregating $1,000 to defendant under his alleged agreement of purchase. That after demand for conveyance of the land and in the alternative, for repayment of the money and refusals of both by defendant, plaintiff had the right to an equitable lien against the land to secure the repayment of his advancements. Billups v. Gallant, Tex.Civ.App., 37 S.W.2d 770, writ refused; 43 Tex.Jur., p. 580, § 336.

The competent testimony in this case is undisputed and in addition, is supported by defendant's legal admissions, that plaintiff had a valid claim against defendant for $1,000, together with legal interest on each item from time it was paid, and that he had a lien on the interest of defendant in the lands described. The trial court should have entered judgment for plaintiff as prayed for.

The record also discloses that a partition suit was pending at the time of filing this suit, to divide the lands in which defendant had an interest, and claim was made that if the lands should have been partitioned before the termination of this case that the lien be fixed and foreclosed as against any portion that may have been awarded to defendant.

In view of the condition of this record in the respect last mentioned, it would be impracticable for us to render a judgment to fit a situation which may or may not exist. We therefore reverse the judgment of the trial court and remand the cause with instructions that judgment be entered for plaintiff for the amount of his debt and legal interest, to fix the lien upon the undivided interest of defendant in the lands described in the petition, and if partition has been perfected, then the lien shall be fixed and established against the portion awarded to him, and for foreclosure of the lien and such other orders and decrees necessary for execution of the judgment. Reversed and remanded with instructions.