James D. O'CONNOR, Appellant,

v.

**CITY OF DALLAS, Appellee.**

No. 7249.

Court of Civil Appeals of Texas.

Texarkana.

July 12, 1960.

Rehearing Denied Aug. 2, 1960.

James D. O'Connor, Dallas, for appellant.

H. P. Kucera, John W. Davidson, R. A. McBean, C. France McCoy, Dallas, for appellee.

FANNING, Justice.

On April 17, 1959, the City of Dallas, on behalf of itself and the Dallas Independent School District, filed suit in the 101st District Court of Dallas County, Texas, against James D. O'Connor for a foreclosure of tax liens for delinquent taxes due for the years 1955 to 1958, inclusive, on property described as Lots 1 and 2 in Block 4/699 in the City of Dallas.

Defendant O'Connor filed an answer, which is not a part of the transcript because it was abandoned by the filing of an amended answer. Following the filing of the original answer, on October 2, 1959, the City of Dallas filed an amended petition in which it alleged that the property involved was devised, under a joint will of his father and mother to the defendant, James D. O'Connor, and that the will was filed for probate in the Probate Court of Dallas County, Texas. A copy of the will was attached as "Exhibit A". On the

same date, the City of Dallas filed a request for admission of facts, which was timely served on defendant, and likewise on the same day filed a motion for summary judgment with supporting certificate of the Assessor and Collector of Taxes of the City of Dallas to the effect that said taxes were due and delinquent on said property for the years 1955, 1956, 1957, and 1958.

Defendant, James D. O'Connor, thereafter, on the 15th day of October, 1959, filed a plea in abatement and first amended original answer in which he alleged that the property in question was owned by the estate of T. J. O'Connor and Ellen O'Connor and that said estate was in the process of administration and that said executor was then acting in his official capacity and had not been removed. The will shows that James D. O'Connor was designated as the independent executor of said joint will of his parents above named. Furthermore, the plea in abatement was to the effect that James D. O'Connor was being sued only in his individual capacity and that it was necesssary that the suit be abated until he was sued in his representative capacity as the independent executor of said will.

█ The defendant (after having been timely served) wholly failed to make any answer to the request for admission of facts, within the time and as provided by Rule 169, Texas Rules of Civil Procedure, and therefore, the answers called for under the decision of Masten v. Masten, Tex.Civ. App., 165 S.W.2d 225, writ refused, must be taken as true and in favor of the City. Thus the record discloses that James D. O'Connor was the son of T. J. O'Connor and Ellen O'Connor and that James D. O'Connor was confirmed and qualified as executor of the will, and that the attorney for appellant is also James D. O'Connor. The will provides that James, being the same James D. O'Connor, defendant-appellant herein, and also the executor of the will, was willed the property in question,

and under the record is the same property on which the delinquent property taxes sued for are due and owning. According to the certificate of the County Clerk, the will of T. J. O'Connor was filed for probate in Cause No. 2644–A on September 1, 1954, and filed for record in the office of the District Clerk on August 30, 1955, and the will of Ellen O'Connor was filed for probate in Cause No. 36159 on September 30, 1953.

The trial court on October 21, 1959, after considering all of the pleadings, the motion for summary judgment, the exhibits and certificates attached thereto, the request for admission of facts (unanswered by the defendant, James D. O'Connor individually, as attorney or as independent executor) and the plea in abatement, overruled the plea in abatement, sustained the motion for summary judgment and rendered judgment for the amount of the taxes, penalties, interest and court costs, and decreeing the foreclosure of the lien given by the constitution, the state law and the charter of the City of Dallas to secure those taxes. No personal judgment was rendered against the defendant James D. O'Connor.

Defendant's amended motion for new trial was overruled and he has appealed.

Appellant's first and second points present one question which appellee answers by its counterpoint one as follows:

"Under the record in this case and the undisputed facts, it was not error for the Court to overrule the Plea in Abatement and, in holding that James D. O'Connor need not be sued in his representative capacity and that it was proper to render a judgment for the amount of the taxes and foreclosing the tax lien by suing James D. O'Connor individually as the sole devisee of the property involved in this cause."

The record in this cause reveals that James D. O'Connor was the son of T. J. O'Connor and his wife, Ellen O'Connor; that prior to their death they executed a

joint will under which the property in question was devised to James D. O'Connor, their son, defendant herein. The record discloses that Mrs. Ellen O'Connor (the mother) died in 1953 and that T. J. O'Connor (the father) died in 1954. The plea in abatement was to the effect that the estate of T. J. O'Connor and Ellen O'Connor was in the process of administration by an executor appointed by the probate Court of Dallas County, Texas, and that said executor was then acting in his official capacity and had not been removed. Under the first point of error, defendant James D. O'Connor, the attorney for himself in this cause, admits that he, James D. O'Connor was the qualified and acting executor and under request for admissions he was asked whether he was James D. O'Connor, the son of T. J. O'Connor and Mrs. Ellen O'Connor and which he failed to answer and therefore, was estopped to deny that he was one and the same person. Masten v. Masten, supra (165 S.W.2d 225, writ refused).

■ A further general history of the O'Connor estate and the litigation engaged in between the O'Connor brothers and the widow of one of the deceased O'Connor brothers may be found in the case of O'Connor v. O'Connor et al., Dallas Court of Civil Appeals, 320 S.W.2d 384, er. dis., w. o. j., and in O'Connor v. O'Connor et al., in Cause No. 7246, opinion by this court of date of June 28, 1960, 337 S.W.2d 829. In the last referred to opinion by this court in Cause No. 7246, it was shown that a will contest of the joint will in question had been disposed of by dismissal by the probate court of Dallas County, Texas, on February 6, 1959, and appellee has filed a motion in the cause at bar requesting that this court take judicial notice of such showing made in said Cause No. 7246. This motion is granted and we take judicial notice that the will contest was dismissed on February 6, 1959.

■ We think appellant's first and second points are without merit under this record. The joint will of appellant's parents had been admitted to probate after the respective deaths of the parents in the years 1953 and 1954. Prior to the filing of defendant's plea in abatement the will contest brought by defendant's brothers had been dismissed. Under the will appellant was the sole devisee of the property sued upon by the city for delinquent taxes. The suit for delinquent taxes against the property in question was also a suit in rem.

The will being valid, it is unquestioned that title to the property in question vested immediately in the appellant subject to the debts of the estate. White v. White, 142 Tex. 499, 179 S.W.2d 503, 505; Art. 3314, Vernon's Ann.Civ.St., now Sec. 37, Probate Code of Texas, V.A.T.S.

There is no evidence in the record that the O'Connor estates owed any debts at the time the plea in abatement was filed, and more than four years had elapsed since the joint will was probated and re-probated.

Since appellant James D. O'Connor was the unquestioned sole owner of the property in question, and it being undisputed that the taxes sued upon were delinquent for the years 1955, 1956, 1957, and 1958, as shown by the Collector's certificate in the record, the trial court properly rendered summary judgment for the amount of taxes, penalty, interest and court costs in a proceeding in rem in order to foreclose the tax liens in question, and under such circumstances it was not necessary to sue appellant in his capacity as independent executor. Appellant apparently does not question the fact that the taxes were delinquent and unpaid on the property in question as shown by the certificate of the Tax Collector in the record. The appellant as sole beneficiary of the property in question and the unquestioned lawful owner of the property in question under the will, if he had any defense to the tax suit, he in his individual capacity could have availed himself of every defense that he could have asserted as

independant executor. Appellant's first and second points are overruled.

Appellant's third point contending that there were material disputed fact issues in the case is deemed to be wholly without merit under this record, and is respectfully overruled.

The judgment of the trial court is affirmed.