CITY OF DALLAS et al., Petitioners,

v.

Julien C. HYER, Judge of the 44th District Court and James D. O'Connor, Respondents.

No. 7389.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 10, 1961.

Rehearing Denied Oct. 31, 1961.

H. P. Kucera, N. Alex Bickley, Dallas, for petitioners.

James D. O'Connor, Dallas, for respondents.

DAVIS, Justice.

This is an application for writ of prohibition and ancillary mandatory orders by the City of Dallas and Hon. Bill Decker, Sheriff of Dallas County, petitioners, against Hon. Julien C. Hyer, District Judge of the 44th Judicial District Court and James D. O'Connor, respondents. Prior to the institution of this proceedings, petitioner, the City of Dallas, sued James D. O'Connor for delinquent taxes on some property situated in Dallas County. The suit was filed in the 101st Judicial District Court. Upon completion of the trial, judgment was entered against respondent James D. O'Connor for the taxes due. An appeal was taken to the Fifth Court of Civil Appeals, and by order of the Supreme Court of Texas, the case was transferred to the Sixth Court of Civil Appeals and was docketed in this court under the style of "James D. O'Connor v. The City of Dallas". This court affirmed the judgment of the trial court. The opinion appears in 337 S.W.2d 741. An application for writ of error was made to the Supreme Court, and the Supreme Court dismissed the application for writ of error. A mandate was issued by this court. The City of Dallas caused a writ of execution to issue. The execution was placed in the hands of Sheriff Bill Decker, and he levied upon the property and advertised the same for sale on August 1, 1961. On July 31, 1961, the respondent, James D. O'Connor, filed suit in the 44th

Judicial District Court of Dallas County, styled "James D. O'Connor, as Independent Executor of the Estates of T. J. O'Connor and Ellen O'Connor, deceased, Plaintiff, v. Bill Decker and City of Dallas, Defendants," and procured a restraining order preventing the property from being sold to satisfy the judgment.

The petitioners appeared before the Hon. Julien C. Hyer on the 3rd day of August, 1961, and requested a resetting of said hearing, which the Hon. Julien C. Hyer granted, and reset the case for hearing in his court on August 31, 1961 at 1:30 P.M., and continued the restraining order in effect.

The petitioners immediately filed their petition for a writ of prohibition and ancillary mandatory orders in this court. The judgment is the final judgment of this court. We have the authority to grant the writ of prohibition. Art. 1823, Vernon's Ann.R.C. S.; City of Houston v. City of Palestine (Tex.Sup.Ct.) 114 Tex. 306, 267 S.W. 663; City of Palestine v. City of Houston (C.C. A.) 262 S.W. 215; Cattlemens Trust Company of Fort Worth v. Willis (C.C.A.) 179 S.W. 1115; Wright v. Wright (C.C.A.), 318 S.W.2d 788, err. dism.

When the Honorable Julien C. Hyer granted the restraining order, if he was going to do so, he should have made it returnable to the 101st Judicial District Court. On the face of the petition filed in the district court, he had no authority whatever to grant the restraining order. No cause was alleged why he should grant the same and make it returnable to his court, and this was error too. Art. 4656, V.A.T.C.S.; Glenn v. Green (C.C.A.), 65 S.W.2d 386; Railroad Commission et al. v. McDonald (C.C.A.), 100 S.W.2d 155.

The writ of prohibition is granted against Honorable Julien C. Hyer, District Judge of the 44th Judicial District Court of Dallas County, from doing anything further in the case, save and except to dissolve the temporary restraining order and dismiss the case that has been filed in his court by James D. O'Connor as Independent Executor of the

Estates of T. J. O'Connor and Ellen O'Connor, deceased, plaintiff, v. Bill Decker and the City of Dallas, defendants. A writ of prohibition is granted against James D. O'Connor, individually, and as Independent Executor of the Estates of T. J. O'Connor and Ellen O'Connor, deceased, and his attorneys, agents and representatives, from taking any further action to prevent the sale of the property that was involved in the case of O'Connor v. City of Dallas (C.C.A.), 337 S.W.2d 741, writ dismissed.