**SAGEBIEL'S INC., Appellant,**

v.

**Tom SUMRALL, Appellee.**

No. 3720.

Court of Civil Appeals of Texas.

Eastland.

May 18, 1962.

Rehearing Denied June 15, 1962.

Elbert R. Jandt, Seguin, for appellant.

Burnett & Burnett, Sinton, Luther E. Jones, Jr., Corpus Christi, for appellee.

GRISSOM, Chief Justice.

Tom Sumrall sued Sagebiel's Inc., for damages caused by the collapse and sinking of a boat which he had bought from the defendant, which he alleged had defects that caused severe bodily injuries, contusions and bruises, damage to the boat and loss of fishing tackle and equipment. Plaintiff alleged that when he purchased the boat he informed the defendant of the use he intended to make of the boat and defendant represented that it was seaworthy and suitable for such use and that the bottom was made of ⅜ths inch marine plywood; that the boat was not seaworthy, was not suitable for such use and that its bottom was constructed of less than ⅜ths inch plywood; that, while so using the boat, it collapsed and sank and he suffered severe bodily injuries, lost his fishing tackle and equipment and the boat was damaged. The defendant, although duly cited, did not appear and judgment was taken by default.

At a hearing to determine the amount of damages, counsel informed the court of the cause of action and plaintiff was sworn and testified, in effect, as follows: That he received injuries to his back and head when the boat collapsed and sank; that he was thrown backward over his gear and tackle and hit the motor "right there." (Indicating.). Although the trial occurred eighteen months after the collision, plaintiff testified that he still had trouble with his back; that he could not do manual labor; that the boat was worth $895.00; that it sank and had to be recovered and rebuilt; that he had to put in nearly all new material and that he restored it to its original condition; that he lost his gear, tackle and other things that cost about $350.00; that the value of the things lost was $350.00. The court rendered judgment for $5300.00. Sagebiel's Inc., has appealed by writ of error. It presents two points, namely, that the court erred in assessing damages based on evidence of injuries which were not pleaded and on incompetent evidence. While neither the pleadings nor evidence are as specific and detailed as they might have been if the case had been contested in the trial court, nevertheless, we are forced to the conclusion that it is not shown that the court did either of the things assigned as error, that is, that the court's assessment of damages was based on evidence of injuries not pleaded or on incompetent testimony.

The petition would not have been subject to a general demurrer under the old practice. Appellant's default admitted all the facts alleged except the amount of damages, which was shown by competent evidence. In addition to the words used in describing his injuries, the record shows that appellee's injuries were exhibited to the court. We think the following author-

ities support the judgment. Texas Rules Civ. Procedure 239, 243; 25 Tex.Jur. 406; Southern S. S. Co. v. Schumacher, Tex. Civ.App., 154 S.W.2d 283, (Writ Ref.) and Edwards Feed Mill, Inc. v. Johnson, 158 Tex. 313, 311 S.W.2d 232. The judgment is affirmed.