Jack **CARPENTER**, Appellant,

v.

**GLOBE LEASING, INC.**, Appellee.

No. 16864.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 3, 1967.

Behan & Leech, and James Behan, Grand Prairie, for appellant.

Sonfield, Sonfield & Lawrence, and Robert L. Sonfield and Robert L. Sonfield, Jr., Houston, for appellee.

## OPINION

RENFRO, Justice.

A default judgment was entered in the District Court on September 2, 1966, in favor of Globe Leasing, Inc., against Jack Carpenter.

Plaintiff's original petition alleged that on January 23 and January 29, 1966, Globe and Carpenter entered into written rental contracts wherein Carpenter agreed to pay Globe $15.00 per day and eight cents per mile for rental of trucks and trailers; that defendant failed and refused to pay the amounts due under the contracts in the amount of $218.40, and further plead that defendant drove one of the trucks under an overpass where there was insufficient clearance, damaging the trailer in the amount of $2,800.00. The petition further alleged that it became necessary for plaintiff to employ attorneys to collect the sums due and that $500.00 was a reasonable attorneys' fee.

The court entered judgment for plaintiff.

On appeal by writ of error, the defendant claims the proper measure of damages was not used in determining the amount of damages to the trailer, there was no competent evidence or pleadings to support the judgment either as to damages or attorneys' fee.

Although properly served with citation, defendant did not answer to the suit.

After service, plaintiff served defendant with request for admissions of fact as provided by Rule 169, Texas Rules of Civil Procedure.

Defendant ignored the request for admissions.

Hence the court had before it plaintiff's pleading, the unanswered request for admis-

sions and whatever evidence plaintiff might have had. Defendant filed nothing and did not appear for trial.

The court entered an order which decreed the request for admissions of fact admitted.

■ The defendant, by his failure to answer the 16 requests for admission, admitted every fact necessary for rendition of judgment on the rental and damages to the trailer. The requests for admission covered every fact pleaded by plaintiff as to such damages.

In Masten v. Masten, 165 S.W.2d 225 (Tex.Civ.App., 1942, writ ref.), this court, through Associate Justice Speer, wrote at considerable length on Rule 169. It was said: "There were sixteen numbered paragraphs in the written request. They each inquired if defendant admitted some one of the material facts necessary for plaintiff to establish his right of recovery. (Same number and to same effect as in instant case.) * * * Rule 169, Texas Rules of Civil Procedure, which at all times during this controversy had the dignity of a statute, provides, in effect, that in circumstances involved here, the plaintiff can make a request in writing to defendant for admissions by him of the truth of the relevant matters of fact set forth in the request, and unless the defendant, within the time prescribed by the rule, denies under oath the truth of the facts contained in the request, or sets forth specifically why he cannot either truthfully admit or deny them, all such matters will be deemed as admitted by him as true. * * * we think the effect of Rule 169 is comparable to a legal admission made in the applicable pleadings of a party, which will admit of no denial by him."

The Masten case has been followed or cited with approval in numerous appellate opinions. Typical is O'Connor v. City of Dallas, 337 S.W.2d 741 (Tex.Civ.App., 1960, writ dism.), where the court stated: "The defendant (after having been timely served) wholly failed to make any answer to the request for admission of facts, within the time

and as provided by Rule 169, Texas Rules of Civil Procedure, and therefore, the answers called for under the decision of Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, writ refused, must be taken as true * * *."

Facts admitted by the defendant by reason of his failure to answer the requests were sufficient to support the judgment rendered.

■ In addition, the judgment recites that the court heard the evidence in the case. That evidence, except for the admissions with the rental contracts attached, was not brought forward. We must assume such evidence supported the judgment, both as to the truck-trailer and attorneys' fee.

The points based on the claim of no competent evidence are overruled.

■ We think, too, the pleadings were sufficient to support the judgment rendered.

Rule 45, T.R.C.P., only requires that a petition consist of a statement in plain and concise language of the plaintiff's cause of action, and provides that the fact "That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole."

Certainly the petition in the case was sufficient to give defendant fair notice what plaintiff was seeking and the reasons why.

"In order to support a default judgment it is not necessary that a plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action. * * * it is not requisite that a petition be technically sufficient to state a cause of action in order to sustain a default." Edwards Feed Mill, Inc. v. Johnson, 158 Tex. 313, 311 S.W.2d 232 (1958).

The court in Sagebiel's, Inc. v. Sumrall, 358 S.W.2d 251 (Tex.Civ.App., 1962, ref., n.r.e.), discussing the question of sufficiency of the pleadings in a default judgment case, said: "While neither the pleadings nor

evidence are as specific and detailed as they might have been if the case had been contested in the trial court, nevertheless, we are forced to the conclusion that it is not shown that the * * * court's assessment of damages was based on evidence of injuries not pleaded or on incompetent testimony. The petition would not have been subject to a general demurrer under the old practice."

The above holding is applicable to the instant case.

Finding no reversible error in the record, all points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.