James W. BROOKS and Worth F. Brooks d/b/a Dixie Products Company, Appellants,

v.

EATON YALE AND TOWNE, INC., d/b/a Yale Lock and Hardware Division, Appellee.

No. 5093.

Court of Civil Appeals of Texas, Waco.

Nov. 24, 1971.

Bill Stephens, Dallas, for appellants.

Ungerman, Hill, Ungerman & Angrist, Robert C. McGuire, Dallas, for appellee.

## OPINION

HALL, Justice.

On September 3, 1969, appellee brought this action on sworn account against "James W. Brooks and Worth F. Brooks, jointly and severally and d/b/a Dixie Products Company, a copartnership," to re-

cover the balance of the price of merchandise sold by appellee to the partnership on open account. Appellee secured separate judgments against James W. Brooks and Worth F. Brooks. The judgment against James W. Brooks is now final, and it is the summary judgment granted to appellee against Worth F. Brooks (hereinafter referred to as the appellant) that is questioned on this appeal.

In his first amended original answer (filed January 30, 1970), appellant alleged under oath that appellant's claim "is wholly unjust and untrue." However, responding to request for admissions made by appellee under Rule 169, Texas Rules of Civil Procedure, appellant admitted that the goods upon which the account is based were ordered and purchased by him from appellee; that the goods were delivered to him; that the charges made by appellee for the goods were the agreed charges between the parties at the time of sale, and were reasonable charges therefor at the time of sale and delivery; that the account sued upon correctly shows all credits and payments due to appellant thereon; that the account is due and owing; and that demand for payment has been made.

■■■ The effect of a defendant's verified denial of the correctness of a plaintiff's sworn account is to destroy the probative force of the itemized account attached to plaintiff's petition and put the plaintiff on proof of its claim independent of the aid of Rule 185, Texas Rules of Civil Procedure. J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325, 326 (1941); Davis v. Gilmore, (Tex.Civ.App. 1951, writ ref.) 244 S.W.2d 671, 675. The essential elements of such proof are, generally, (1) the order for the merchandise and its delivery, (2) the justness of the account—that is, that the prices charged were agreed upon by the parties, or, in the absence of an agreement, that the prices are usual, customary or reasonable, and (3) the amount that is due and unpaid on the account.

■ An admission made pursuant to Rule 169, "is of a higher dignity than testimony." Thornell v. Equitable Life Assurance Soc. of U. S., (Tex.Civ.App.1964, no writ) 385 S.W.2d 716, 719. It is comparable to a legal admission made in the applicable pleadings of a party, which will admit of no denial by him. Masten v. Masten, (Civ.App., 1942, writ ref.) 165 S.W.2d 225, 228.

■ Appellant's admissions established appellee's factual and legal right to summary judgment; and it was the duty of the court to grant appellee's motion therefor unless appellant, by pleading and proof, established some affirmative defense to appellee's claim. Gulf, Colorado & Sante Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1959).

The record shows without dispute that appellant incorporated his business under the name of B & B Industries, Inc., on May 22, 1968. Appellant pleaded that "the claim made the basis of this suit" was assumed by B & B Industries, Inc., and that since the date of its incorporation appellee "has dealt with and made demand" on the corporation for payment, "thereby working a novation of said claim"; that B & B Industries is a bankrupt; that appellee filed a proof of claim in the bankruptcy proceeding asserting that the claim made the basis of this suit was a just and true claim owed by B & B Industries to appellant; that on November 14, 1969, appellee received and accepted a dividend from the bankruptcy court; that by filing proof of its claim against the bankrupt corporation and receiving and accepting dividends on account thereof, appellee has made its election of remedies and is now estopped from asserting its claim against appellant. Appellant executed an affidavit (in support of his motion for summary judgment) in which he incorporated his pleadings set forth above and swore that the statements therein are true and correct.

"In order to constitute a novation such as will release the obligation of the origi-

**324**

nal debtor to his creditor it is necessary that there should be a new and valid contract which, as agreed between the parties, extinguishes the assumed existing contract or obligation. Hence it must appear that the creditor unconditionally released the original debtor and accepted the third person in his stead. * * *." Money v. Dameron, (Tex.Civ.App.1933, writ ref.) 70 S.W.2d 291, 293.

The statement in appellant's affidavit that appellee "has dealt with and made demand" on B & B Industries, Inc., for payment of the claim is not sufficient to prove or raise a fact question as to appellant's alleged defense of novation.

Appellee's demand for payment by appellant and the filing of the claim in the bankruptcy proceeding of appellant's successor were not inconsistent and did not constitute an election of remedies. Continental Oil Co. v. Lane Wood & Company, (Tex.1969) 443 S.W.2d 698, 703.

Moreover, appellee's proof of claim filed in the bankruptcy proceeding stated: "This claim is filed without prejudice to claimant's rights against the predecessor partnership of the bankrupt which created this indebtedness." We believe this was a sufficient reservation by appellee of its right, despite the filing of the claim, to pursue the collection from appellant of any unpaid portion of its claim. See Bridgeport-City Trust Company v. Niles-Bement-Pond Company, 128 Conn. 4, 20 A.2d 91, 93 (1941); 9 Am.Jur.2d 381, 382, Bankruptcy, Sec. 492.

The record shows without dispute that the dividend received by appellee from the bankruptcy court has been credited to appellant's account.

We have carefully considered all of appellant's points and contentions. None present error, and they are overruled.

The judgment is affirmed.