**AGRISTOR CREDIT CORPORATION, Appellant,**

v.

**B. T. DONAHOE and Norma J. Donahoe, Appellees.**

No. 5839.

Court of Civil Appeals of Texas, Waco.

June 8, 1978.

Rehearing Denied June 29, 1978.

---

Richard M. Roberg, Milwaukee, Wis., William T. Allison, II and Joel B. Sheffield (on Appeal only), Ramsey & Allison, Sulphur Springs, Joseph Robert Riley (on Appeal only), Segrest, Mills, Cameron & Riley, Waco, for appellant.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, Maurice G. Walton (on Appeal only), Haley, Fulbright, Winniford, Bice & Davis, Waco, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from a summary judgment, containing problems concerning usury and the application of Rule 169, Texas Rules of Civil Procedure.

Plaintiff-Appellant Agristor Credit Corporation originally brought this suit against Defendant-Appellees B. T. Donahoe and wife Norma J. Donahoe for $35,244.26 plus attorneys' fees, for alleged default in payment upon two conditional sales contracts involving the sale to the Donahoes of dairy equipment consisting of one 20′ by 80′ Harvestore structure (an oxygen-free silo), one unloader, one grinder blower with industrial engine, and related equipment. Plaintiff's Original Petition (later superseded by amended pleadings) alleged that on March 11, 1975, the Donahoes executed the two conditional sale installment contracts under the terms of which the Donahoes contracted to pay to Brazos Valley Harvestore Systems, Inc. (the assignor of the contracts to Agristor) the amounts stated therein "together with accrued interest at the rate of 15.95%" and attorneys' fees—in the event of default.

The Donahoes filed their answer, pleading, among other defenses, the defense of usury and seeking an offset or counterclaim on the principal indebtedness in double the amount of alleged usurious interest, said double amount being $68,853.36 plus attorneys' fees. The Donahoes also brought a cross-action against Brazos Valley Harvestore Systems, Inc. (hereinafter called "Harvestore"), the selling agent, which in turn sought indemnity of and from Agristor. More specifically, the Donahoes filed a cross-action against both Agristor and Harvestore, seeking judgment against both Cross-Defendants, jointly and severally, for $68,853.36, same being double the amount of alleged usurious interest charged in said two contracts.

The Donahoes submitted their request for admissions to Agristor by mailing a copy of same to Agristor's attorney of record by certified mail, return receipt requested, and by filing a true copy of same with the clerk of the court, all as prescribed by Rule 169. Such request was so mailed and filed on May 4, 1977, and was admittedly received in the office of Agristor's attorney of record on May 5, 1977. The request provided that answers were to be filed within eleven (11) days from the date of service, to wit, by May 16, 1977. Neither Agristor nor its attorney of record made any answers or response of any kind to said request for admissions whereupon the Donahoes filed a motion on May 19, 1977, to deem the request for admissions admitted and at the same time moved for partial summary judgment on their counterclaim, and to sever the remainder of the cause. A hearing was set by the trial court on these matters for May 31, 1977, for which hearing notice was given by certified mail to Agristor's attorney of record on May 18, 1977. On May 27, 1977, Agristor filed a pleading entitled, "Opposition to B. T. Donahoe et ux, Motion for Summary Judgment and Severance and to Deem Facts Admitted," in which pleading Agristor asserts that on May 18, 1977, it filed a Motion for Extension of Time in which to answer the Donahoe requests for admissions. However, we have carefully examined the record and

find no such request for extension of time. On May 17, 1977, Agristor filed a request for extension of time in which to answer *Harvestore's* requests for admissions, but nothing is recited therein concerning the *Donahoe* requests for admissions. No supporting affidavits were attached to this "opposition" pleading filed by Agristor on May 27, 1977; and for the reasons stated above, we can safely say that no request for extension of time to file answers, or to permit late filing to request for the Donahoe admissions was filed.

On May 31, 1977, the trial court held a hearing, after which an order was entered deeming the Donahoe's request for admissions admitted. The trial court took the Donahoe motion for partial summary judgment under advisement; and on August 9, 1977, Agristor filed its motion for summary judgment against the Donahoes for the amounts originally sued for.

Thereafter, on August 22, 1977, the trial court after hearing, found that there was no genuine issue of fact, and thereupon entered a summary judgment as follows: (1) in favor of Agristor against the Donahoes for $31,729.09; (2) in favor of the Donahoes against Agristor on the Donahoes' usury claim for $68,853.36; (3) then the trial court offset these amounts and entered summary judgment in favor of the Donahoes against Agristor for the net amount of $37,124.27; (4) the trial court severed the Donahoes' claim for attorneys' fees and their claim against Harvestore. From this judgment, Agristor appeals upon six points of error, two of which contain subpoints. We sustain Appellant's sixth point as more particularly hereinafter discussed and thereby reform the trial court's judgment; and as reformed, we affirm same. It necessarily follows that we overrule all of the Appellant's remaining points and contentions.

Appellant Agristor contends that the trial court abused its discretion in deeming admitted the Appellees' Request for Admissions of Fact. We do not agree. As stated, Appellees' request for admissions was served upon Appellant's counsel on May 5,

1977. The requests provided that answers were to be filed within eleven (11) days from the date of service. When no answers were filed within the time specified, Appellees filed a motion on May 19, 1977, to deem the request for admissions admitted and for partial summary judgment. On May 31, 1977, the date set by the trial court for hearing, after proper notice to Appellant, the trial court entered its order deeming the request for admissions admitted. It is significant that Appellant's counsel never filed a motion to extend time to file answers to the request for admissions, nor did he file late answers to the request for admissions; this being so even though the trial court did not enter the summary judgment until August 22, 1977, over two and a half months after the request for admissions had been deemed admitted.

Appellant's counsel admits that the notice of the request for admissions was received in his office on or about May 5, 1977, by his secretary; however, Appellant's counsel asserts that his secretary never informed him of such notice.

Our Supreme Court has held that there is some discretion lodged in the trial court in the enforcement of Rule 169, relative to deeming requests for admissions admitted. *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.* (Tex.1972) 490 S.W.2d 818, 825; *Sanders v. Harder* (1950) 148 Tex. 593, 227 S.W.2d 206, 208.

In the case at bar, since the Appellant not only failed to file answers to the request for admissions but also failed to file a motion for extension of time prior to May 31, 1977, the date the trial court ordered the request deemed admitted, we cannot say the trial court abused its discretion in deeming the request admitted. See *Lozano v. Kazen* (Eastland, Civ.App.1958) 313 S.W.2d 894, 897, no writ; *Hill v. Caparino* (Houston 1st, Civ.App.1963) 370 S.W.2d 760, 761, no writ. Moreover, as of August 22, 1977, the date of entry of the summary judgment, Appellant still had filed no answers to the request for admissions.

As hereinbefore pointed out, Appellant's counsel's stated reason or excuse for failure

to answer the request for admissions was due to the fact that his secretary did not tell him about it, and therefore he did not know about such request for admissions. We do not believe this argument has merit, because it is well-settled that the negligence, inadvertence or mistake of the attorney is imputed to his client. *Petro-Chemical Transport, Inc. v. Carroll* (Tex.1974) 514 S.W.2d 240, 246; *Reynolds v. Volunteer State Life Ins. Co.* (Eastland, Civ.App.1935) 80 S.W.2d 1087, 1094, writ refused. Also see *Scheffer v. Chron* (Beaumont, Civ.App. 1977) 560 S.W.2d 419, 420. And by applying this same rule of law that the negligence, inadvertence, or mistake of the agent is imputed to the principal (which obtains in the client-attorney relationship), we hold that the negligence, inadvertence, or mistake of Appellant's counsel's secretary is imputed to Appellant's counsel, so that Appellant's counsel is charged with such negligence, inadvertence, or mistake. See *Traders & General Ins. Co. v. Burton* (Fort Worth, Civ.App.1954) 272 S.W.2d 166, 169, NRE.

We next proceed to the legal effect of the request for admissions deemed admitted. We have two contracts in question executed by the Donahoes, payble to Harvestore, and assigned to Appellant Agristor, which we will call respectively, "Contract A" and "Contract B." Contract A recited the "Amount Financed" to be $26,550.00, the "Finance Charge" to be $33,191.28, the "Total of Payments" to be $59,741.28, the "Annual Percentage Rate" to be 15.95%; said "Total of Payments" being payable in 144 monthly installments of $414.87 each.

Contract B recites the "Amount Financed" to be $2,700.00, the "Finance Charge" to be $1,235.40, the "Total of Payments" to be $3,935.40, the "Annual Percentage Rate" to be 15.95%; said "Total of Payments" being payable in 60 monthly installments of $65.59 each.

The requests for admissions deemed admitted are fifty in number, and establish that: Appellant's district manager either prepared or knew of the preparation of Contract A; the form contracts used to prepare both contracts were furnished by Appellant Agristor to Harvestore for the express purpose of execution by the Donahoes and then for assignment to Appellant; that in addition to the form contracts, Appellant furnished to Harvestore interest charts which showed the manner in which interest could be computed at the rate of 15.95% per annum; that using the interest charts provided to compute interest on the sum of $26,550.00 at the rate of 15.95% for a period of 144 months would make for monthly payments of $414.87 each; that the interest charts provided by Appellant to Harvestore were used to prepare the amortization schedule (attached to the request for admissions), and that such amortization schedule showed the amortized repayment of $26,550.00 over 144 months at an annual interest rate of 15.95%; that assuming the Donahoes owed Harvestore $26,550.00 and the sum was to be repaid together with interest at 15.95% per annum over 144 months, the monthly installments would be $414.87 each; that if it is assumed the Donahoes owed Harvestore $2,700.00 and this sum was to be repaid together with interest thereon at the rate of 15.95% per annum over 60 months, the monthly installments would be $65.59 each; moreover, the principal sum of Contract A was $26,550.00 and the finance charge on this sum was $33,191.28, and the finance charge was computed by using the aforesaid interest charts and calculating interest on said $26,550.00 at the rate of 15.95% per annum; that under Contract B the amount financed was $2,700.00 and the finance charge on this sum was $1,235.40, which finance charge was computed by using the aforesaid interest charts and calculating interest on the $2,700.00 at the rate of 15.95% per annum. Finally, it was admitted that prior to March 11, 1975, the date the contracts were executed by the Donahoes, Appellant was aware that the maximum interest permissible to be charged individuals in Texas was 10% per annum and that with this knowledge Appellant attempted to evade the usury laws of Texas by calling Contracts A and B installment retail sales contracts.

In short, the admissions in question established every element of the Appellee Donahoes' cause of action for usury, and established that both contracts were usurious as a matter of law.

■ It is well-settled that the effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under Rule 169 is comparable to a "legal admission" made in the applicable pleadings of a party, so as to preclude his denial of such facts on the trial of the case. *Masten v. Masten* (Fort Worth, Civ.App.1942) 165 S.W.2d 225, 228, writ refused. Also see *Frierson v. Modern Mutual Health & Accident Ins. Co.* (Waco, Civ.App.1943) 172 S.W.2d 389, 393, refused W.O.M.; *Brooks v. Eaton Yale & Towne, Inc.* (Waco, Civ.App.1971) 474 S.W.2d 321, 323, no writ; *Weaver v. Weaver* (Fort Worth, Civ.App.1943) 171 S.W.2d 898, 901, ref. W.O.M.; *Carpenter v. Globe Leasing Inc.* (Fort Worth, Civ.App.1967) 421 S.W.2d 413, 415, no writ; 45 Tex.Jur.2d "Pleading," paragraph 97, pp. 543 et seq.

■ Appellant complains that several of the requests for admissions called for conclusions of law and were therefore improper requests under Rule 169, particularly those wherein Appellee requested that Appellant admit that the term "annual percentage rate" of 15.95% used in both contracts meant "interest." We do not agree. These contracts were not usurious on their faces. Conceivably, the term "annual percentage rate" may have more than one meaning. It might mean a time-price differential as contended now by Appellant, in which event it would *not* be interest and therefore not usurious. See *Rattan v. Commercial Credit Co.* (Dallas, Civ.App.1939) 131 S.W.2d 399, writ refused; *Hernandez v. United States Finance Co.* (Waco, Civ.App.1969) 441 S.W.2d 859, writ dismissed. On the other hand it might mean "interest," or a possible combination of time-price differential, interest, and/or other charges. The Appellee was entitled to know what the Appellant meant by the term "annual percentage rate" used by Appellant in both contracts, since this intended meaning by the use of this term is a fact matter. See *Greever v. Persky* (1942) 140 Tex. 64, 165 S.W.2d 709, 712; *Moser v. John F. Buckner and Sons* (Waco, Civ.App.1956) 292 S.W.2d 668, 671, NRE.

■ Next, appellant contends the summary judgment in favor of Appellees is improper because (Appellant says) it raised a material fact issue in its (Appellant's) summary judgment proof as to whether Appellant had offered Appellees a choice between a cash price and a deferred payment price. We do not agree, because under the authority of the line of cases hereinabove cited beginning with *Masten v. Masten* (Fort Worth, Civ.App.1942) 165 S.W.2d 225, writ refused, the legal admissions made by Appellant precluded Appellant from denying same. Indeed, Rule 169 contains this language: "Any matter admitted under this rule is conclusively established as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission." No such motion or withdrawal took place in the case at bar. Therefore, the summary judgment was proper.

Appellant has other points and contentions, all of which we have carefully considered, and we overrule all of same as being without merit with the sole exception of Appellant's sixth and final point next discussed.

■ Finally, Appellant by its sixth and final point complains the trial court erred in allowing Appellees judgment on both contracts in question because Appellees' Amended Motion for Summary Judgment sought relief only as to Contract A. We sustain this contention.

Appellees filed their first motion for summary judgment seeking recovery under both contracts on May 19, 1977. A hearing on this first motion was held on May 31, 1977, at which time the trial court took same under advisement. On August 8, 1977, Appellees filed their second or amended motion for summary judgment, seeking recovery only under the larger Contract A. Appellant's motion for summary judgment

was filed August 9, 1977. A hearing on these motions was had on August 19, 1977, after which the trial court entered its judgment dated August 22, 1977.

In Appellees' second or amended motion, they specifically prayed for recovery only under Contract A, and asked that Contract B be severed therefrom. Therefore, Appellees are limited in their recovery to their second or amended motion for summary judgment. In this posture of the case, considering Contract A only, Appellant Agristor is entitled to judgment in its favor in the amount of $28,624.09; whereas Appellee Donahoes are entitled to judgment in their favor in the amount of $66,382.56; thereby causing Appellee Donahoes to be entitled to a net judgment against Appellant Agristor in the amount of $37,758.47. Accordingly the trial court's judgment is hereby reformed so as to adjudge that Appellee Donahoes are entitled to judgment against Appellant Agristor in the amount of $37,758.47, and all amounts concerning Contract B are hereby severed from the trial court's judgment. In all other respects the trial court's judgment is affirmed.

REFORMED AND AFFIRMED.