Jose DE LEON, Appellant,

v.

Genevieve De Leon PAGE, Appellee.

No. 1686.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 29, 1980.

John R. Haas, Haas & De Pena, Corpus Christi, for appellant.

Paul Dodson, Dodson & Dodson, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a summary judgment rendered in favor of Genevieve De Leon Page, plaintiff in the trial court, in a suit wherein plaintiff seeks to enforce certain provisions of a prior judgment by a partition of real property. The trial court ordered that the subject property be sold and that plaintiff receive 60% of the proceeds of sale and that Jose De Leon, defendant in the trial court, receive the remaining 40%. Defendant has appealed. We affirm.

Defendant presents three points of error. He contends in his first point that the trial court erred in rendering summary judgment "without first determining whether the land, or any part thereof was susceptible of partition." He asserts in his third point that "the failure of the trial court to make the determination as to whether the real property, or any part thereof, was susceptible to partition was fundamental error." He contends in his second point that the trial court "erred in proceeding to judgment lacking jurisdiction over an undespensable (sic) party."

Plaintiff and defendant were divorced by a decree, which was signed by the trial judge of the 319th District Court of Nueces County, Texas, in March, 1978. That suit will hereinafter be referred to as "the divorce action." Concerning the disposition of the real property owned by the parties, which is the same property involved in the case at bar, the divorce decree, in pertinent part, provides:

"It is FURTHER ORDERED that as a division of the parties' estate, the Respondent, Jose A. De Leon, shall pay the sum of Seven Thousand Dollars ($7,000.00) cash to the Petitioner, Genevieve De

Leon, on or before March 10, 1978, for her equity and interest in the parties' residence located at 4906 Bonner, Corpus Christi, Nueces County, Texas, provided, however, if said sum is not paid on or before said date, the Petitioner and Respondent are hereby ordered to immediately enter into a multiple listing sales contract for the sale of said property and improvements located thereon, with the net proceeds from the sale to be divided as follows: sixty per cent (60%) to Petitioner, Genevieve De Leon, and forty per cent (40%) to Respondent, Jose A. De Leon."

The judgment rendered by the trial court in the divorce action was not appealed.

On February 26, 1979, plaintiff filed the instant suit in the 117th District Court of Nueces County, Texas. A copy of the aforesaid divorce decree was attached to her petition and made a part thereof for all purposes. Plaintiff alleged that defendant did not pay her the sum of $7,000.00 on or before March 10, 1978, for "her equity and interest" in the real property in question, as provided by the divorce decree, and "as a consequence of defendant's failure to make that payment, plaintiff is the owner of an undivided ⅗ths interest in the aforesaid property, and defendant is believed to own the remaining undivided ⅖ths interest in that property." It was further alleged that "the property is inappropriate for partition in kind." Plaintiff prayed that the subject real property "be partitioned," and for general relief. Defendant filed a general denial in answer to the petition.

On November 1, 1979, plaintiff filed a request for certain admissions pursuant to Rule 169, T.R.C.P. Included in the request, were the following factual statements which defendant was asked to either admit or deny:

\* \* \* \* \* \*

"2. Defendant did not pay Genevieve $7,000.00 for her interest in the property at 4906 Bonner, Corpus Christi, Texas, or any part thereof, on, before, or after March 10, 1978.

\* \* \* \* \* \*

"7. The property which is the subject of this suit is not suitable for partition in kind."

Defendant did not, at any time, answer any of the requested admissions.

Plaintiff filed a motion for summary judgment on November 29, 1979, wherein she stated:

(1) "[T]here is no genuine issue as to any material issue of fact necessary to establish each and every element of plaintiff's cause of action, and plaintiff is entitled to judgment as a matter of law because she is the owner of an undivided ⅗ths interest in the property . . . ., and defendant is the owner of the remaining ⅖ths interest."

(2) ". . . the divorce decree provided that the property in question should be sold if defendant did not pay $7,000.00 for her equity in the property by March 10, 1978."

(3) "Defendant has never paid plaintiff anything for her equity in the property in question."

The relief asked for by plaintiff in the motion was couched in the following language: "upon completion of the hearing, the court grant plaintiff's motion for summary judgment in favor of plaintiff and against defendant for partition of the property in question." Plaintiff attached her affidavit to the motion. Attached to the affidavit as an exhibit was a certified copy of the divorce decree. Plaintiff stated in her affidavit that she and the defendant were divorced by the 319th District Court of Nueces County as per the attached certified copy of the decree, and that the defendant did not pay her the sum of $7,000.00 for her interest in the real property involved "prior to March 10, 1978, or at any time." Defendant did not controvert the motion.

The hearing on plaintiff's motion for summary judgment was held on January 8, 1980. Plaintiff appeared by and through her attorney. Defendant did not appear. Summary judgment in favor of plaintiff

was signed on January 17, 1980. The judgment decreed:

"[I]t is, therefore, ORDERED, ADJUDGED, AND DECREED that the property . . . . be sold and that the proceeds of such sale be distributed such that Plaintiff, Genevieve De Leon Page, receive 60% of those proceeds and Defendant Jose De Leon, receive 40% of said proceeds."

■ We first consider defendant's third point of error. The failure by the trial court to make a determination as to whether the property in question, or any part thereof, was susceptible to partition in kind did not constitute fundamental error. Concerning fundamental error generally, see *Godde v. Wood*, 509 S.W.2d 435, 443 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). The third point is overruled.

■ We next consider defendant's first point of error. An examination of the record reveals that the trial judge in the divorce action, in effect, divided the property between the parties on the basis of their being husband and wife after defendant's failure to make the required payment in cash to plaintiff within the time limit in the decree. In order to implement such division, he ordered the property sold and the net proceeds distributed, 60% to the wife and 40% to husband. In reality, the instant suit is a suit to enforce the judgment in the divorce action. Defendant did not plead any affirmative defenses to plaintiff's petition, nor did he level any exceptions thereto. He did not controvert plaintiff's motion for summary judgment. Therefore, it may be said that defendant acquiesced in plaintiff's endeavor to enforce the prior judgment by filing the present suit, the object of which was to secure an order of sale by a court of competent jurisdiction and to distribute the proceeds of sale in accordance with the provisions of the divorce decree. A reading of the judgment rendered in the case at bar reveals that the trial judge also viewed this suit as, in essence, an action to enforce the judgment rendered in the divorce action. In that context, it would not be necessary that the trial court first determine whether the land, or any part thereof, was susceptible of a partition in kind, before rendering judgment that the land be sold and the proceeds divided between the parties.

■ There is another reason why the first point of error cannot be sustained. The trial court properly partitioned the property by ordering it sold and the proceeds distributed. The question to be decided was a question of law, since no dispute existed between the parties concerning any material fact. The factual statements contained in plaintiff's "request for admission" are deemed admitted. Rule 169, T.R.C.P.; *Masten v. Masten*, 165 S.W.2d 225 (Tex.Civ. App.—Fort Worth 1942, writ ref'd); *Packer v. First Texas Savings Ass'n. of Dallas*, 567 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd, n.r.e.). Since defendant admitted that the real property was not susceptible of a partition in kind, there was no need for the trial court to first determine that the property was not susceptible of a partition in kind before he partitioned the property by ordering it sold and the proceeds of sale distributed. That action by the trial court did not amount to such a denial of defendant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, T.R.C.P. Under the record here presented, the trial court was not required to make the determination required by Rule 761, T.R.C.P. There was a sufficient compliance with Rule 770, T.R.C.P. The trial court correctly rendered summary judgment for plaintiff. The first point is overruled.

■ We now turn to defendant's second point of error, wherein he asserts that the trial court erred "in proceeding to judgment" because of the absence of an indispensable party. According to defendant's statement and argument in his brief, the indispensable party was First Savings Association, who, at the time judgment was signed, owned a first mortgage on the land involved. The point cannot be sustained. There was *no summary judgment evidence* before the trial judge at the time the judg-

ment was signed, which showed that anyone owned a mortgage covering the property involved. The second point is overruled.

The judgment of the trial court is AFFIRMED.