Adolfo **HERNANDEZ** et ux., Appellants,

v.

**UNITED STATES FINANCE COMPANY,**
Incorporated, et al., Appellees.

No. 4815.

Court of Civil Appeals of Texas.

Waco.

May 8, 1969.

Rehearing Denied May 29, 1969.

Huffaker & Green, Tahoka, Gerald Huffaker, Tahoka, of counsel, for Joyce E. Riley on motion to affirm on certificate.

Gillespie & McClendon, Lubbock, William J. Gillespie, Lubbock, of counsel, for International Security Life Ins. Co., on motion to affirm on certificate.

Pete Tijerina, Mario Obledo, Eric Weisberg, San Antonio, Jack Greenberg, Philip Schrag, New York City, for appellants.

Anthony J. Ferro, San Antonio, Bean & Manning, Houston, for appellees.

## OPINION

HALL, Justice.

This is an alleged usury case.

In July, 1964, appellants contracted in writing with appellee, Andrew Sanchez, Jr., d/b/a Home Builders & Supply Company, for extensive repairs on their house at an agreed price. Later that month, before any work was done, appellants signed another contract in which they agreed to pay Sanchez a much larger sum for the same repairs, payable over a period of seven years in equal monthly installments. At the same time, they executed a note, a mechanic and materialman's lien, and deed of trust in favor of Sanchez for the higher price. On the same day, Sanchez assigned the note, without recourse, and his interest in the other instruments to appellee, United States Finance Company, Inc. The repairs were completed by Sanchez to the satisfaction of appellants.

Appellants brought this suit against Sanchez and the finance company. They alleged that the original price was the reasonable value of the repairs; that appellees conspired to charge appellants usurious interest; that the conspiracy resulted in the contract, note and lien for the higher price; and that the difference between the two contract prices is interest and usurious. They sought recovery of double the amount of alleged usurious interest paid, and attorney's fee.

Appellants prosecuted their claim on the theory that the transaction was a loan of

money to them by the finance company, with Sanchez acting as agent for the company. They adduced evidence that the alleged loan bore interest at a rate of approximately 16%.

The contract and note do not call for any interest. Appellees defended on the theory that the first contract price was the "cash price" for the repairs, and that the second contract and note represent the "time credit price" for the repairs, agreed to by appellants; and that no portion of the note or of the payments made on it constitutes interest.

The case was submitted to a jury on four special issues. Special issue no. 1 asked: "Do you find from a preponderance of the evidence that the plaintiffs, Adolfo Hernandez and wife, Beatrice Hernandez, prior to, and at the time of, having the improvements made on their home, did not agree with Home Builders & Supply Company to pay the time credit price for said labor and materials? Answer by stating, 'They did not,' or 'They did.'" The jury answered "They did." The last three issues were conditioned upon a negative answer to the first issue, and were not answered.

In connection with special issue no. 1, the court instructed the jury "that a seller may have a cash price for his labor and materials, and he may also have a different and higher 'time credit price' for the same labor and materials."

■ Appellee finance company objected to special issue no. 1, and requested an issue in its place. The objection and request were overruled. Appellants did not object to the issue (though it assumes the existence of a time credit price by Sanchez), and did not object to the trial court's refusal to give appellee's requested issue no. 1. By their third point of error, appellants, for the first time, complain that the trial court erred in refusing to give the finance company's requested special issue no. 1. This complaint may not be raised for the first time on appeal, and appellants have waived any error in the trial court's ruling. Texas Employers' Insurance Ass'n v. Neuman, 379 S.W.2d 295, 296 (Tex., 1964). Appellants' third point is overruled.

Appellants contend in their second point that the jury's answer to the special issue is not supported by any evidence.

Mr. Hernandez testified to both contracts. He stated that he never borrowed any money from anyone, and that he did not agree with anyone as to payment of any interest. On at least four occasions, while testifying, he stated that he agreed to the higher installment price in exchange for the improvements to his house. Mrs. Hernandez testified that she agreed to the installment price.

■ Much of the testimony of Mr. Hernandez was contradictory, as was some of the testimony of other witnesses. It was the function and duty of the jury to weigh the evidence, determine what portions were most believable, and arrive at the agreement of the parties. There is some probative evidence to support the jury's finding. Appellants do not challenge the finding as being against the weight of the evidence. Appellants' second point is overruled.

■ By their first point, appellants contend that whatever the nature of the second contract, it and the note are usurious as a matter of law and, therefore, appellants are entitled to judgment. Appellants did not, by motion before or after judgment, present this contention to the trial court. Any merit in it is waived. St. Louis Southwestern Railway Company v. Duke, 424 S.W.2d 896, 898 (Tex., 1967).

■ Furthermore, the record does not conclusively establish that the contract and note are usurious. A person may freely sell his commodity for cash or credit; and, the credit price may legally include a charge to compensate for the loss which might be suffered by selling on credit. The differ-

ence between the cash price and a bona fide time credit price is not interest. Standard Supply & Hardware Co. v. Christian-Carpenter Drilling Co., 183 S. W.2d 657, 661 (Tex.Civ.App., 1944, writ ref.).

■ Moreover, a contract which is not usurious on its face will not be held in violation of the usury laws unless "the dominant purpose and intention of the parties embodied in the contract, interpreted as a whole, in the light of the attending circumstances and the governing rules of law which presumptively they intended to observe and obey in making the contract," manifests that the intention was to exact more interest than allowed by law for the use, forebearance or detention of money. Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.2d 935, 936 (1935); Beavers v. Taylor, 434 S.W.2d 230, 231 (Tex.Civ. App., 1968, writ ref., n. r. e.).

The contract, note and lien were signed in appellants' home. There is no evidence that appellants knew of the existence of the finance company until they received a payment booklet after the work was completed.

■ No questions of the jury were requested or submitted regarding the conspiracy appellants alleged against appellees, or as to whether the parties intended to contract for usurious interest. The evidence does not conclusively establish appellants' position on those issues. By failing to request or secure jury findings thereon, any judgment for appellants that might have been based upon resolutions of those questions favorable to them has been waived by appellants, under the provisions of Rule 279, Texas Rules of Civil Procedure. Glens Falls Insurance Co. v. Peters, 386 S.W.2d 529, 531 (Tex., 1965).

Appellants' first point is overruled.

The judgment is affirmed.