Charles **DOCKREY**, Appellant,

v.

**HIGGINBOTHAM BARTLETT COMPANY**, Appellee.

No. 4610.

Court of Civil Appeals of Texas, Eastland.

March 23, 1973.

---

Dell Barber, Colorado City, for appellant.

T. L. Rees, Colorado City, for appellee.

WALTER, Justice.

Higginbotham-Bartlett Company, a corporation, filed suit against Charles Dockrey on a sworn account for goods, wares and merchandise alleged to have been sold and delivered to him beginning on October 29, 1969, to January 22, 1970. The court, in a nonjury trial, rendered judgment for the plaintiff for $422.54 plus $250 attorneys' fees. The defendant has appealed.

 Plaintiff's suit on a sworn account does not describe the items of merchandise other than to give the number of the charge tickets. However, no exception was lodged against this defect. The defendant filed a verified denial but not such a denial as contemplated by the amendment to Rule 185, Texas Rules of Civil Procedure. However, no exception was lodged against this defect. We agree with defendant's contention that the state of the pleadings neutralized the plaintiff's cause of action on its sworn account and cast the burden of proof upon the plaintiff to prove its case as at common law.

The essential elements of plaintiff's cause of action were sale and delivery of the merchandise and that the prices were usual, customary or reasonable and that the account was due, owing and unpaid. Parker v. Center Grocery Company, Inc., 387 S.W.2d 903 (Tex.Civ.App.–Tyler 1965, no writ hist.). The essential elements of plaintiff's cause of action have been established by the testimony of plaintiff's manager, its clerk and the defendant. We hold that the judgment is supported by evidence of probative force. Considering the entire record, we find that the judgment is not against the great weight and preponderance of the evidence.

From the stipulation of the parties on attorneys' fees and the amendment to Article 2226, Vernon's Annotated Civil Statutes, we hold the court did not err in awarding attorneys' fees.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.