**Louis DORFMAN, Appellant,**

v.

**Lloyd H. SMITH, Appellee.**

**No. 16396.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 5, 1974.

Rehearing Denied Jan. 9, 1975.

Jackson, Walker, Winstead, Cantwell & Miller, Ralph E. Hartman, Jack Pew, Jr., Dallas, for appellant.

Hutcheson & Grundy, Thad T. Hutcheson, Greg N. Martin, Thomas T. Hutcheson, Houston, for appellee.

EVANS, Justice.

This is an appeal from a summary judgment awarding Mr. Lloyd H. Smith a recovery against Mr. Louis Dorfman on a written indebtedness and denying Dorfman's claim of penalties for usury asserted by way of counterclaim.

The summary judgment proof shows the material facts to be undisputed. Smith and Dorfman were partners in a venture called "London, Ltd.", operated by Dorfman as general partner, with Smith being a limited partner. Both Dorfman and Smith were personally obligated to the First City National Bank of Houston on a $250,000.00 loan.

On January 17, 1973 Smith wrote a letter to Dorfman making reference to said indebtedness and reciting their agreement that sums required to be paid by them in discharge of their obligation to the bank would be paid and borne 60% by Dorfman and 40% by Smith. The letter further provides that the partnership was at that time without funds or promise of funds necessary to pay the obligation to the bank and that it would be necessary for them to make their respective payments individually as and when such payments came due.

On January 22, 1973 Dorfman executed a promissory note to Smith for the principal amount of $150,000.00 dated January 22, 1973. This note represented Dorfman's 60% share of the $250,000.00 obligation due the bank. When he signed the note, Dorfman filled in the 6¾ percent interest rate on the face of the note. This was the same interest rate as the bank loan.

On the same day, Smith, in order to renew and extend the $250,000.00 bank loan, made two payments against principal in the aggregate sum of $25,000.00. This was accomplished by two checks, one for $15,000.00 representing Dorfman's 60% share and one for $10,000.00 representing Smith's 40% share. Smith also paid $4,012.15 to the bank representing accrued interest on the $250,000.00 loan to that date.

In a letter to Smith dated January 22, 1973 Dorfman acknowledged their obligation to the bank and their respective percentage shares of such obligation. In this

letter Dorfman stated that he would use his best efforts to obtain and place in Smith's hands on the due date of the obligation his share of the funds required. He stated that if he should be unable to pay the necessary funds on the due date he agreed that if Smith paid "all or any part of" his obligation, he, Dorfman, would immediately execute a demand note to Smith for such amounts as were advanced by Smith for his account. His letter continued:

"In this connection, I have executed in your favor a 60-day promissory note dated January 22, 1973, in the principal amount of $150,000.00 to cover my share of the payment made by you today against Note No. 1 above and, (if you elect to pay the same) my share of the remainder of such Note No. 1, which will be due in 60 days; . . ."

In a letter to Mr. Dorfman also dated January 23, 1973, Mr. W. B. Ferguson, as Mr. Smith's representative, reviewed the transaction thus:

"As you know, the $250,000 note to the First City National Bank of Houston endorsed by you and Mr. Smith was due yesterday. Because of the Bank's letter of January 15, 1973, it was necessary not only to pay the interest on this note but to make a reduction of its principal. Discussions between our office and Mr. Dick Sneed at the Bank resulted in the Bank's agreement to accept payment of the interest due yesterday in the amount of $4,012.15 and a principal reduction of $25,000. It was necessary to pay these amounts yesterday and since you could not then pay them out of partnership funds or pay out of your personal funds the 60% share owing by you under our agreements if payment could not be made from partnership funds, Mr. Smith delivered to the Bank his checks totaling $29,012.15. At our conference yesterday you assured us that immediately upon your return to Dallas you would send Mr. Smith a partnership check, payable to him, for the entire amount of the interest ($4,012.15).

"In addition, you gave Mr. Smith your promissory note in the principal amount of $150,000, dated January 22, 1973, payable on or before March 19, 1973 with 6¾% interest until maturity and 10% interest thereafter representing the 60% share of the principal owing by you on the $250,000 note to the First City National Bank of Houston which fell due yesterday. The purpose of this note was to evidence your obligation to pay Mr. Smith 60% of the $25,000 installment of principal made against such $250,000 note yesterday and 60% of any other sums which may be paid by Mr. Smith in the future against the obligation of such $250,000 note or any renewals or extensions thereof. Of course, all sums which you may pay out of your personal funds against this obligation to the Bank, whether paid to the Bank or to Mr. Smith, and 60% of any amount paid against this obligation to the Bank out of partnership funds (other than reimbursement to Mr. Smith of the $4,012.15 of interest paid by him yesterday) will be credited against your $150,000 promissory note to Mr. Smith. Of course, whether such credits will be against principal or interest of the $150,000 note shall be at the election of the payee."

On March 15, 1973 Mr. Smith by his representative, Mr. W. B. Ferguson, wrote to Mr. Dorfman as follows:

"Mr. Lloyd H. Smith has instructed me to inform you that he does not intend to grant any further free extensions either of his guarantee on London, Ltd.'s $225,000 promissory note to First City National Bank, due on March 19, 1973 or of your $150,000 promissory note to him, due the same day.

"Mr. Smith might consider further extensions if you can pay or arrange for London, Ltd. to pay to Mr. Smith the $4,012.15 interest payment made by Mr.

Smith on January 22, 1973, as you promised to do within one week after the payment, and about which we have written you several times, if you can arrange to cover the interest payment due to First City National Bank on March 19th and if you will pay to Mr. Smith your 60% share of the $25,000 principal payment made by Mr. Smith to First City National Bank on January 22, in partial payment of London, Ltd.'s $250,000 promissory note due on that date and jointly and severally guaranteed by you and Mr. Smith, plus interest at the rate of 6¾% per annum on your share of such $25,000 payment from January 22 to the date of payment."

On March 27, 1973 Mr. Smith paid the entire unpaid balance of the $225,000.00, together with accrued interest to such date. On April 2, 1973 Mr. Smith wrote to Mr. Dorfman as follows:

"I have now paid to the First City National Bank of Houston the entire indebtedness of London, Ltd. which was jointly and severally endorsed by you and me, your share of which was represented by your promissory note to me dated January 22, 1973 in the original principal amount of $150,000 with interest at the rate of 6¾% per annum from date until maturity (amounting to an additional $1,553.44) and 10% after maturity, which note was due on or before March 19, 1973. Your said note to me is consequently now past due and I hereby demand immediate payment of all principal and accrued interest thereon. . ."

This suit was filed on May 30, 1973. In his original petition Mr. Smith sought to recover on the $150,000.00 note together with interest at the specified rate from date until maturity and also for past due interest accruing after maturity at the rate of 10% per annum and attorney's fees of 10% on the amount of principal and interest due as specified by the note. Mr. Dorfman answered by general denial and Smith then filed motion and affidavit for summary judgment, claiming he was entitled to recover $150,000.00 as principal, plus $1,553.44 in interest from January 22, 1973, together with $15,155.34 as attorney's fees and past due interest accruing from and after March 20, 1973 at the rate of $41.52 per diem.

On February 18, 1974 Dorfman filed an unverified counterclaim, labeled a cross-action, asserting that he had executed the promissory note on fraudulent misrepresentations, had received no consideration for the note, that the amount of interest charged by Smith was in excess of the amount authorized by law and constituted usury and claiming recovery of penalties against Smith. Thereafter on March 25, 1974, the day of the hearing of Smith's motion for summary judgment, Dorfman filed a verified counterclaim. The trial court entered summary judgment in favor of Smith against Dorfman for the principal amount of $150,000.00 plus interest at 6¾% per annum on $15,000.00 from January 22, 1973 to March 27, 1973 in the amount of $177.53, plus attorney's fees of 10% on said sum and with interest on that sum at the rate of 10% per annum from March 28, 1973 to date of judgment.

The position of Mr. Dorfman, simply stated, is that Smith was entitled only to charge interest on funds which were actually advanced by him to the bank from the time of such advancement. He argues that while Smith was entitled to charge interest at the rate of 6¾% on the amount of $15,000.00 from January 22, 1973, he was not entitled to charge Dorfman interest on the $135,000.00 balance until such time as he actually paid that amount to the bank for Dorfman's account. Dorfman contends that Smith's claim for $1,553.44, as interest on the face amount of the $150,000.00 note for the period January 22, 1973 to March 19, 1973, the due date of the note, constitutes a usurious charge. We do not agree.

■ After Smith made the $25,000.00 payment to the bank on January 22, 1973,

interest continued to accrue on the unpaid balance of the obligation to the bank of which amount Dorfman's share was 60% or $135,000.00. On March 19, 1973, the due date of the $150,000.00 note, the accrued interest on Dorfman's combined obligation to Smith and to the bank exceeded the amount of interest asserted to be due in Smith's original petition. By March 27, 1973, the date the obligation to the bank was completely discharged by Smith, the accrued interest on Dorfman's obligation exceeded the sum of $1,800.00. In order to discharge the obligation to the bank, the interest accruing on the Dorfman share of the balance had to be paid either by Smith or Dorfman. Had Dorfman paid off his share of the obligation, he would have been entitled to an appropriate credit against the $150,000.00 note to Smith as provided by their collateral agreements. However, inasmuch as Smith advanced the funds necessary to pay the obligation to the bank (which included the interest which had accrued on Dorfman's share of the unpaid principal) Smith was entitled to collect all such sums from Dorfman under the terms of the $150,000.00 note. The note and collateral agreements clearly show that Dorfman obligated himself to repay Smith all sums which might be advanced by Smith on his behalf to discharge the $250,000.00 indebtedness. It is equally clear that Dorfman was to be given credit against the $150,000.00 note to Smith for any sums which he himself might pay directly to the bank to reduce his obligation on that debt. The evidence comprising the summary judgment proof does not reflect any material factual dispute as to this transaction. The fact that the trial court entered judgment upon Smith's request for a lesser sum than he was entitled to under these agreements does not suggest the transaction was usurious.

Article 5069–1.06(1), Vernon's Tex.Rev. Civ.Stat.Ann., provides:

"Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error."

In Hernandez v. United States Finance Co., 441 S.W.2d 859, 862 (Tex.Civ. App.–Waco 1969, writ dism'd), it is stated that "A contract which is not usurious on its face will not be held in violation of the usury laws unless 'the dominant purpose and intention of the parties embodied in the contract, interpreted as a whole, in the light of the attending circumstances and the governing rules of law which presumptively they intended to observe and obey in making the contract,' manifests that the intention was to exact more interest than allowed by law for the use, forbearance or detention of money." It has also been stated that the intent to charge a usurious rate of interest must be "clearly and positively" shown. and that the evidence must "leave no room for a reasonable hypothesis by which the imputation of usury may be avoided." Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.2d 935, 937 (1935).

It is also the law of this state that the question of usury must be determined by a construction of all of the papers constituting the loan transaction, interpreted as a whole and in the light of the attending circumstances. Greer v. Franklin Life Insurance Co., 109 S.W.2d 305 (Tex.Cr.App.– Dallas 1937, writ dism'd by agr.); Imperial Corporation of America v. Frenchman's Creek Corp., 453 F.2d 1338, 1344 (5th Cir. 1972).

The $150,000.00 promissory note from Dorfman to Smith is not usurious on its face. When the note is considered together with the collateral writings, evidencing the entire transaction between the parties, there is no indication of an intent to charge a usurious rate of interest.

■■ The note exacts a rate of interest identical to that charged on the Smith-Dorfman obligation to the bank. The obvious purpose of the parties, as evidenced by their written agreements, was the repayment of the obligation to the bank according to their proportionate shares of such obligation. Actually Smith received no benefit for funding Dorfman's share of that obligation, other than the assurance of being relieved of further liability to the bank. Had Smith desired to do so, he could lawfully have charged a higher rate of interest than that stipulated in the $150,000.00 note, as consideration for advancing his own funds to the bank for Dorfman's account. "An agreement by a borrower to pay a subsisting debt of his own in consideration of a new credit is not usurious if the purpose is to pay only the amount actually due on the old debt and the amount of the loan with lawful interest. Southern Trading Co. v. State National Bank, 35 Tex.Civ.App. 5, 79 S.W. 644 (1904, writ ref'd). The summary judgment proof shows that Smith could not have obtained interest in excess of the legal rate and it is therefore apparent, as a matter of law, that the transaction was not usurious. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.2d 282, 286 (1930).

We note Dorfman's further contention that the entire transaction between Smith and Dorfman was not shown because Smith failed to introduce the security and pledge agreement referred to in the $150,000.00 promissory note. The note recites that its payment is secured by a "security agreement-pledge of even date herewith from the undersigned to Lloyd H. Smith" and that "it is agreed that default under the provisions of such security agreement or under any of the instruments referred to therein shall entitle Lloyd H. Smith to accelerate the maturity of this note." There is absolutely no indication in the record that the provisions of such security or pledge agreement, if one in fact existed, would show the transaction to be usurious. There is no showing whatsoever that any collateral or security was in fact pledged by Dorfman to Smith to secure payment of the note and in fact Dorfman denied under oath that he ever executed such an agreement.

■ We recognize that in viewing the summary judgment proof, the evidence must be considered most strongly against the movant and that even though the evidentiary facts may be undisputed, if there are conflicting reasonable inferences showing the existence of ultimate facts which can be drawn from the evidentiary facts, the motion should be denied. Nix v. Davis, 358 S.W.2d 225 (Tex.Civ.App.–Houston 1962, no writ). However, accepting as true all evidence of the opponent to the motion and giving him the benefit of every intendment reasonably deducible in his favor, we are of the opinion that the trial court properly concluded that there was no disputed issue of any material fact and determined, as a matter of law, that the transaction was not usurious. Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958).

■ We are further of the opinion that the trial court correctly disposed of Dorfman's counter-claim seeking recovery of penalties on the asserted ground of usury. We have held that Smith met his burden of showing that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law. The merits of Dorfman's claim of usury were raised by the pleadings and were properly met and disposed of, as a matter of law, by the summary judgment proof. Farley v. Prudential Insurance Co., 480 S.W.2d 176 (Tex.1972). See also Maddox v. Oldham Little Church Foundation, 411 S.W.2d 375 (Tex.Civ.App.–Tyler 1967, writ ref'd n. r. e.). We hold that the trial court properly rendered judgment denying relief on the Dorfman counter-claim. Space City Construction Co. v. Gifford-Hill & Co., 468 S.W.2d 897 (Tex.Civ.App.–Houston 1971,

no writ) ; Jack R. Allen & Co. v. Wyler Textiles, Ltd., 371 S.W.2d 728 (Tex.Civ. App.–Dallas 1963, no writ).

The judgment of the trial court is affirmed.