CARR WELL SERVICE, INC., Appellant,

v.

SKYTOP RIG COMPANY, Appellee.

No. 6760.

Court of Civil Appeals of Texas,
El Paso.

April 18, 1979.
Rehearing Denied June 13, 1979.

Law Offices of Bill Alexander, Bill Alexander, Larry Myrick, John L. Barnhill, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Lucius D. Bunton, Fred M. "Mickey" Jones, Jim Moseley, Odessa, for appellee.

## OPINION

WARD, Justice.

Skytop Rig Company recovered judgment in a jury tried case against Carr Well Service, Inc., upon a sworn account for labor and materials expended in rebuilding a well servicing unit. The Defendant appeals, and we affirm in part, reverse in part and remand with instructions.

Skytop's petition alleged that, as shown by attached invoices made a part of the petition, the Plaintiff sold to the Defendant goods and parts along with labor and services in the usual and ordinary course of its business, the invoices having been systematically kept. It further alleged that the Defendant promised to pay for the goods and services at the prices shown on the invoices or, in the alternative, that the Defendant agreed to pay the usual customary and reasonable prices of the items in Ector County, and that the prices as shown were such usual and customary prices for the items and services. The Plaintiff also alleged that there was due and owing on the invoices interest at the rate of 1½% per month from the due date of the invoices until paid. Attached to the petition was a sworn account affidavit complying with the terms of Rule 185, Tex.R.Civ.P. Defendant filed a verified denial of account, denying that the Plaintiff was suing on an account, as the cause of action, if any, rested on a special contract, and that the interest charged by the Plaintiff was usurious. In addition, the Defendant filed a cross-action based on the usury charge claiming that the Defendant was entitled to recover under the terms of Article 5069–1.06(1), Tex.Rev. Civ.Stat.Ann., twice the amount of interest charged and reasonable attorney fees.

Since the Plaintiff was faced with the verified denial of the correctness of the Plaintiff's sworn account, the Plaintiff felt that it was obliged to prove the correctness of its account by competent evidence. *J. E. Earnest & Co. v. Word*, 137 Tex. 16, 152 S.W.2d 325 (1941). The evidence introduced was to the effect that the Plaintiff and Defendant had been dealing with each other on a credit basis for fourteen years, during which time the Plaintiff had built and rebuilt several rigs for the Defendant. In August, 1974, a well servicing rig owned by the Defendant was damaged while on location, and George Montgomery, the President of Carr Well Service, requested that the Plaintiff's manager go to the site of the damaged rig to survey the extent of the damage and obtain an estimate as to the cost of repairing the rig. This was done, and on August 15, 1974, the damaged rig was delivered to the Skytop Rig yard in Odessa to be rebuilt. The rebuilt rig was delivered to Carr Well Service in early December, 1974 and on or about December 10th the Plaintiff sent to the Defendant a bill in the amount of $40,561.47 for materials and labor, and charging interest at the rate of 1½% per month on the account.

The Defendant offered evidence that at one time there was a contract to repair the rig for $20,000.00, and that the reasonable charge for the labor and materials furnished in Ector County was in the amount of $30,000.00. Additional proof was offered that the repair work on the rig was unreasonably delayed, and that as a consequence the Defendant was damaged from not being able to use the rig within a reasonable

time. The Defendant's president further testified that the rig was satisfactorily repaired and delivered to his company; that nothing had been paid on the account or bill; and that money was due and owing though the amount was in dispute.

By its answers to the special issues submitted, the jury determined that the reasonable charge in Ector County for repairing and rebuilding the well servicing rig was $30,000.00; that the Plaintiff unreasonably delayed the completion of the rig during the period in question, and that the damages sustained by the Defendant by reason of the delay was the sum of $3,600.00. Judgment was thereafter entered for the Plaintiff based upon the verdict of the jury in the sum of $26,400.00.

■ The Defendant's first point was that the Court erred in submitting Special Issue No. 1 which inquired as to the reasonable charge in Ector County of repairing and rebuilding the well servicing rig for the reason that there was no evidence of an account as alleged by the Plaintiff but that the evidence established a special contract. Under the point, the Defendant argues that the repair of a well servicing rig was an isolated transaction as opposed to the continuing course of dealing normally associated with an account, and that, as a special account, recovery could not be had under the pleadings alleging a sworn account in accordance with Rule 185, Tex.R.Civ.P. The point is overruled. Rule 185, Tex.R. Civ.P., can apply to contracts between parties resting upon special contracts so long as the transaction concerns one of those provided for in the Rule. Here, the transaction to repair the rig was for labor done or for labor or materials furnished by the Plaintiff, and the Plaintiff's pleadings and proof offered were consistent with that transaction. We recognized that pleadings and proof of a case covering a special contract between parties for items of liability not covered by Rule 185, Tex.R.Civ.P., can at times be fatal. That type of case is well illustrated by *Hollingsworth v. Northwestern National Insurance Company*, 522 S.W.2d 242 (Tex.Civ.App.—Texarkana 1975,

no writ). There, the special contract established was without the terms of Rule 185, Tex.R.Civ.P., and the Plaintiff failed as his proof was foreign to his pleadings which were within the terms of Rule 185. See *Larcon Petroleum, Inc. v. Autotronic Systems, Inc.*, 576 S.W.2d 873, 975 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ).

■ Defendant's next two points are to the effect that the trial Court erred in failing to submit a complete series of issues necessary to justify a recovery upon an account. The one special issue submitted inquired of the jury as to what they found from a preponderance of the evidence "to be the reasonable charge in Ector County, Texas of repairing and building the well servicing rig in question in the fall of 1974." The Defendant asserts that the essential elements of a cause of action on an account are (1) sale and delivery of the merchandise; (2) that the prices were usual, customary or reasonable; and (3) that the account was due, owing and unpaid. *Dockrey v. Higginbotham Bartlett Company*, 493 S.W.2d 254 (Tex.Civ.App.—Eastland 1973, no writ); *Brooks v. Eaton Yale and Towne, Inc.*, 474 S.W.2d 321 (Tex.Civ.App.—Waco 1971, no writ). Mr. Montgomery, the Defendant's president, testified that the rig as rebuilt was done in accordance with his instructions; that he had received the rig; that he was satisfied with its performance; and that he had not paid anything for the construction. The Defendant's additional testimony was that the reasonable, usual and customary charges for the parts and labor on the rig in Odessa in November, 1974 was $30,000.00. There was no need to submit issues on which admissions had been made. The controlling issue raised by the pleadings and the evidence in this case was fairly submitted. Tex.R.Civ.P. 279. Under the objections as presented and the argument made, the points are overruled.

■ In this connection, the Plaintiff now argues that the written denial under oath filed by the Defendant was defective as made in a form not contemplated by Rule 185, Tex.R.Civ.P. No exception was lodged against this defect in the trial Court, or

objection to the testimony ever made by the Plaintiff. Under the state of the record, the burden of proof was cast upon the Plaintiff to prove and submit its case as at common law. *Dockrey v. Higginbotham Bartlett Company, supra.* The Defendant's failure to properly verify its answer was a defect in pleadings. That defect was waived by the Plaintiff's failure to bring the defect, commission, omission or fault of the pleadings to the attention of the Court before rendition of the judgment. Rule 93(k), Tex.R.Civ.P.; *Robinson v. Faulkner,* 422 S.W.2d 209, 213 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.). Regardless, there was a fair submission of the Plaintiff's theory of the case, and the Defendant's two points are overruled.

■■ The Defendant's final point is that the Court failed to allow to the Defendant either recovery against the Plaintiff or an offset to the judgment for twice the amount of interest charged and reasonable attorney fees, as the interest charged by Skytop Rig Company was usurious. Skytop's own pleading charged interest on the account at 1½% per month from the due date of the account until it was paid. The proof offered on behalf of the Plaintiff was to the effect that the charge was made and that the charging was neither accidental nor erroneous. Article 5069–1.06, Tex.Rev. Civ.Stat.Ann., provides in the first paragraph as follows:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

The language "contracts for, charges or receives interest" is in the disjunctive and only one such condition need occur to trigger the penalties. *Windhorst v. Adcock Pipe and Supply,* 547 S.W.2d 260 (Tex.1977). Article 5069–1.02, Tex.Rev.Civ.Stat.Ann., provides: "A greater rate of interest than

ten percent per annum unless authorized by law shall be deemed usurious." It is the contention of the Plaintiff that the transaction here is one of those that is exempted from the 10% ceiling, as the Defendant is a corporation and the principal amount upon which the Plaintiff charged interest is in excess of $5,000.00. The Plaintiff therefore asserts that Article 1302–2.09, Tex.R.Civ.P. (Vol. 3, Supp. 1963–1978), applies. That statute provides:

Notwithstanding any other provision of law, corporations, domestic or foreign, may agree to and stipulate for any rate of interest as such corporation may determine, not to exceed one and one-half percent (1½%) per month, on any . . . debt, . . . of such corporation under which the original principal amount is Five Thousand Dollars ($5,000) or more,

. . .

The statute is not applicable since the statutory language is to the effect that the debtor corporation must agree to the higher rate of interest. Here, this debtor never agreed to the terms of this exception.

■ The Defendant at all times has limited its recovery or offset to the penalties set forth by Article 5069–1.06(1), Tex.Rev. Civ.Stat.Ann., and the heavier penalty called for by paragraph (2) of that Article is not before us. *Houston Sash and Door Company, Inc. v. Heaner,* 577 S.W.2d 217 (Tex.1979). We limit the recovery to the penalty provided by Article 5069–1.06(1), Tex.Rev.Civ.Stat.Ann., in accordance with the Defendant's request.

■ While the Defendant was entitled to attorney fees to be fixed by the trial Court, no evidence was either introduced nor offered to be introduced by the Defendant on its claim for said attorney fees. Since no basis exists for the attorney fees, that part of the Defendant's claim will be denied.

That portion of the trial Court's judgment ordering that the Plaintiff have judgment against the Defendant in the sum of $26,400.00 is affirmed; that portion of the judgment awarding interest on said sum from January 1, 1975 is reversed and here

rendered that the Plaintiff recover no interest on said sum during said period of time to the date of entry of judgment on July 11, 1977. To the extent only that the trial Court denied all relief to Carr Well Service, Inc., on its claim for usury, that portion of the judgment is hereby reversed; and the entire cause is now remanded to the trial Court with instructions that the trial Court enter judgment in favor of Carr Well Service, Inc., for twice the amount of interest charged on the account from January 1, 1975 until July 11, 1977, the date of judgment, and that said sum as determined be entered as a credit or offset against the Plaintiff's judgment.