Martin L. PATTERSON et ux, Appellants,

v.

E. M. NEEL et al., Appellees.

No. 17730.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 4, 1980.

Rehearing Denied Oct. 2, 1980.

Kenneth C. Kaye, League City, for appellants.

I. Alan Lerner, LaMarque, for appellees.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

WALLACE, Justice.

This is a suit to recover statutory penalties pursuant to Article 5069–1.06, V.A.T.S., for alleged usury received by appellees as a result of the appellee bank's not crediting appellants with unearned interest and credit life insurance premiums upon prepayment of an installment loan. The trial court entered judgment for appellees based upon the jury verdict. We affirm.

Mr. and Mrs. Neel together with their daughter and son-in-law, Mr. and Mrs. Rob-ert Scroggs, were makers on a promissory note to First Bank of LaMarque (LaMarque Bank) to secure the purchase of a mobile home by the Scroggs. This mobile home was later sold to appellants. The sales agreement provided in pertinent part that appellants would pay $600 "equity" and pay the monthly payments of $128.31, and that the mobile home would remain on Neel's property until it was paid for. This agreement was dated September 22, 1976. Thereafter appellants made the monthly payment to Scroggs, who then paid the installments to the LaMarque Bank as they became due. It is undisputed that no notice of this agreement was given to LaMarque Bank and that appellants never made a payment directly to the bank. Around April 1, 1977, either Mr. Neel or Mr. Scroggs advised Mr. Wood, Vice-President of LaMarque Bank, that the trailer had been sold and the buyer would pay the full balance due on the note. On about the same date, appellant Mrs. Patterson contacted Citizens State Bank in Dickinson (Dickinson Bank) to borrow the money to pay off the loan at LaMarque Bank. Mr. Lewis, Vice-President of Dickinson Bank, testified that he contacted LaMarque Bank to determine the loan balance and to give drafting instructions. He testified that ordinarily when he made such a call he asked for the pay-off rather than the balance owing; however, he could not remember which he asked for in this instance. Mr. Wood testified that he was the person with whom Mr. Lewis talked and that Mr. Lewis inquired only as to the balance owing. Mr. Lewis was given a figure of $5,132.40, which included unearned interest and credit life insurance premiums. Appellants executed a note to Dickinson Bank for that amount plus interest, and Dickinson Bank in turn sent LaMarque Bank a check for $5,132.40. LaMarque Bank credited the Neel-Scroggs note with the net pay-off amount and deposited the unearned interest and insurance premiums in Scrogg's checking account. The pay-off was figured using the Rule of 78's as required by law. It is undisputed that there were no business

dealings between LaMarque Bank and the appellants, and, that the bank had no knowledge of the agreement between Scroggs and the appellants until the approximate date of the call to LaMarque Bank by Mr. Lewis of Dickinson Bank. Mrs. Slaby, assistant cashier and head of the note department of LaMarque Bank, testified that the pay-off and credit of unearned interest and insurance premiums were handled in LaMarque Bank's customary manner, using the Rule of 78's.

The jury, in answer to special issues, found that appellants were not obligors of LaMarque Bank but that they were obligors of Neel.

Article 5069–1.06, V.A.T.S., provides in pertinent part:

"(1) Any person who contracts for charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the *obligor* (emphasis added) twice the amount of interest contracted for, charged or received . . . "

Articles 5069–8.01 and 5069–8.02 also provide that one who violates that Subtitle shall *forfeit to the obligor* the penalties set out therein. Article 5069–4.01(6) provides that when an installment loan is prepaid the lender shall refund or credit the *borrower* with the unearned interest.

 The threshold question in this case is whether appellants had standing to bring an action for penalties set out in Article 5069–1.06, V.A.T.S. That Article provides that one who contracts for charges or receives interest which is greater than the amount authorized by the Subtitle shall forfeit to the obligor twice the amount of interest contracted for.

To establish a cause of action under this statute, it was incumbent upon the appellants to show that they were obligors of the bank. Mrs. Patterson, the only appellant who testified, stated that she handled the transaction for herself and her husband, both with the Neels and the Scroggs and the Dickinson Bank. She testified that at no time was any contact made between the

Pattersons and LaMarque Bank, that she never made a payment to the bank, and to her knowledge the bank was unaware of the agreement to purchase the mobile home. There is no evidence that there was any binding obligation existing between LaMarque Bank and the Pattersons. Inasmuch as there was no binding obligation, the relationship of obligor and obligee did not exist between those parties. There is no evidence to show that the Pattersons were borrowers from LaMarque Bank. A right of action growing out of a contract providing for, or actual collection of, usurious interest is purely personal to the borrower for whose protection the statutes were enacted. *Micrea, Inc. v. Eureka Life Insurance Company of America, Inc.,* 534 S.W.2d 348 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.) An obligor contemplated by Article 5069–1.06 is a person who pays, is charged or has contracted to pay interest at a rate in excess of that allowed by law. One who is not by law a maker of a note is not an obligor thereon though as an absolute guarantor he is liable for payment under the guaranty contract. *Hartnett v. Adams & Holmes Mortgage Co., Inc.,* 539 S.W.2d 181 (Tex.Civ.App.—Texarkana 1976, no writ).

 It is undisputed that the unearned interest and insurance premiums were returned to the *borrowers* of record in accordance with the Rule of 78's as required by Article 5069–4.01, V.A.T.S. It is further undisputed that appellants were not obligors of LaMarque Bank.

Since the appellants were not the makers of the note held by LaMarque Bank, were not borrowers from the bank nor obligors on the note, they are not entitled to recover from the bank the penalties provided for in Article 5069–1.06 V.A.T.S.

The jury found that appellee Neel did not receive any interest from appellants. This finding of the jury is not contested by appellants. Since Neel did not receive any interest from appellants, and no issues were requested or submitted inquiring as to whether he had charged or contracted for any interest in excess of that allowed by

law, the judgment that appellants take nothing as to Neel was correct.

In view of our holding, appellants other points of error need not be considered.

The judgment of the trial court is affirmed.