George NICOLADZE, as Trustee for the Lawler Family Trusts, Plaintiff-Appellant,

v.

LOMAS & NETTLETON MORTGAGE INVESTORS and Lomas & Nettleton Financial Corporation, Defendants-Appellees and Defendants-Appellants,

v.

George NICOLADZE, as Trustee for the Lawler Family Trusts, Plaintiff-Appellee.

No. 05-83-01065-CV.

Court of Appeals of Texas, Dallas.

Sept. 24, 1984.

Rehearing Denied Nov. 8, 1984.

Douglas R. Hudman, Fort Worth, for plaintiff-appellant.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for defendants-appellee and defendants-appellants.

Before STEPHENS, J., and WILLIAMS [1] and CHADICK [2], JJ. (Retired).

WILLIAMS, Retired Justice.

This is a usury case. The plaintiff, Lawler Family Trusts ("the Lawler Trust") instituted this action against defendants Lomas & Nettleton Financial Corporation ("Lomas & Nettleton Financial") and Lomas & Nettleton Mortgage Investors ("Lomas & Nettleton Mortgage"), alleging that certain loans made by Lomas & Nettleton Financial (Numbers 607, 1126, and 1667) were usurious. By amended petition plaintiffs allege that the United States Bankruptcy Court had determined that the Lawler Trust and Lawler Corporation were alter egos of H. Roger Lawler, the Lawler Trust, H. Roger Lawler and Lawler Corporation and were the same entity, in law and in fact. For this reason all were named plaintiffs.

The case was submitted to the trial court without a jury on an agreed statement of facts pursuant to TEX.R.CIV.P. 263.

The trial court concluded (1) that Lomas & Nettleton Financial charged the Lawler Trust "usurious interest on loan number 607 for a time period from March 21, 1972, through March 1, 1975, and that such interest was charged at a rate in excess of 10% per annum"; (2) that interest charged on loan number 607 from March 1, 1975, through April 30, 1976, was not usurious in that the loan, during such time, was to a corporate borrower and the interest rate did not exceed 1½% per month; and (3) that loans number 1126 and 1667 were not usurious in that both such loans were corporate loans and the interest rate did not exceed 1½% per month. Based upon these conclusions, the trial court rendered judgment awarding the Lawler Trust recovery from Lomas & Nettleton Financial and Lomas & Nettleton Mortgage the usury penalties applicable to loan number 607 for the period March 1, 1972, through March 1, 1975, and denied relief sought by the Lawler Trust concerning alleged usury on loans 1126 and 1667. Lomas & Nettleton Mortgage and Lomas & Nettleton Financial have perfected this appeal from the award of usury penalties and the Lawler Trusts have appealed from the trial court's denial of the relief sought by them.

In order to resolve the questions present, it becomes necessary to consider each of the loans in question separately.

*Loan Number 607*

On March 21, 1972, the Lawler Trust executed a promissory note payable to the order of Lomas & Nettleton Financial in the principal amount of $400,000.00. The note provided for interest at the rate of 10% per annum and specified a maturity date of March 1, 1975. It was secured by deed of trust of even date which created a lien on two tracts of land in Dallas County, Texas. The note was executed by "the Lawler Family Trust d/b/a Lawler Investment Company by William Robert Lawler, Jr., Trustee."

This note contained a "savings clause" which provided that "in no event shall the grantors, their heirs, representatives or assigns, be bound to pay for the use, forebearance or detention of money loaned and secured here by interest in excess of the highest lawful rate...."

Thereafter, on May 1, 1973, Lawler Corporation, a Texas corporation, was chartered by the Secretary of State of the State of Texas.

On January 20, 1975, Lawler Corporation executed a promissory note payable to the order of Lomas & Nettleton Financial in the principal amount of $479,550.00, representing the principal and accrued and unpaid interest on the March 21, 1972, promissory note executed by the Lawler Trust. The note provided for interest at the rate of 5% over the prime interest rate and

1. The Honorable Claude Williams, Chief Justice, Fifth Supreme Judicial District, Retired, sitting by designation pursuant to TEX.REV.CIV.STAT. ANN. art. 1812 (Vernon Supp.1984).

2. The Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by designation pursuant to TEX.REV.CIV.STAT.ANN. art. 1812 (Vernon Supp.1984).

specified a maturity date of January 20, 1976. It was secured by deed of trust of even date. This note also contained a "savings clause" which provided:

The note hereby secured is given in renewal of that certain promissory note dated March 21, 1972, in the original principal amount of $400,000.00 executed by the Lawler Family Trusts. Grantors hereby acknowledge that proceeds of the note hereby secured have been advanced by beneficiary at grantors' request to renew and pay the aforementioned $400,-000.00 note....

The note also included this provision: Interest on this note shall be calculated at a daily rate equal to $\frac{1}{360}$ of the annual percentage rate stated above.

On September 25, 1975, Lomas & Nettleton Financial and Lawler Corporation entered into a modification and extension agreement which, among other things, changed the interest rate on loan number 607 to 10% per annum. The agreement expressly provided:

The intent and purpose of lender and borrower in the execution and delivery hereof is to modify the interest rate of the note, upon and subject to the terms and conditions hereof.

From April of 1972 through April of 1976, Lomas & Nettleton Financial submitted to Lawler Investment Company, attention of Roger Lawler, monthly statements of interest due on loan number 607. Each statement specified an interest rate of 10% per annum and a per diem calculation of interest on the basis of a 360-day year, to-wit, $111.11 per day. The total amounts of interest set forth in the statements were $118,711.52, for the period April 1, 1972, through February 28, 1975; $27,082.21 for the period of March 1, 1975, through September 30, 1975; and $28,-262.55 for the period October 1, 1975, through April 30, 1976.

In a corporate resolution by the Lawler Corporation, it was recited that the January 20, 1975, promissory note had been executed for the working capital needed for the corporation relating to accrued interest charges due Lomas & Nettleton Financial Corporation, taxes, and refinancing of a debt owed Lomas & Nettleton Financial Corporation.

*Loan Number 1126*

On May 3, 1973, Lomas & Nettleton Financial and Lawler Corporation entered into a letter agreement by the terms of which Lawler Corporation agreed to pay Lomas & Nettleton Financial a take-out commitment fee of $125,000.00 in consideration for Lomas & Nettleton Financial's issuance of a commitment agreement to purchase at maturity a loan in the amount of $2,200,000.00 made by Mercantile Safe & Deposit Company of Baltimore, Maryland, to Lawler Corporation. Pursuant to this letter agreement, Lomas & Nettleton Financial on May 3, 1973, issued to Mercantile a commitment agreeing to purchase the loan at maturity.

On May 3, 1973, Lawler Corporation executed a promissory note payable to the order of Mercantile in the principal amount of $2,200,000.00. The note specified an interest rate of $8\frac{1}{4}$% per annum and a maturity date of May 3, 1975. The note also provided that all past due installments of principal and, if permitted by applicable law, of interest shall bear interest at the highest rate permitted by applicable law, or not more than 18% per annum.

The 1126 note was secured by two deeds of trust which contained savings clauses identical to those in the deed of trust which secured loan number 607. H. Roger Lawler executed a written guaranty of loan number 1126.

On May 21, 1975, pursuant to its take-out commitment, Lomas & Nettleton Financial purchased loan number 1126 at maturity from Mercantile. Thereafter, on September 25, 1975, Lomas & Nettleton Financial and Lawler Corporation executed a modification and extension agreement which, among other things, changed the interest rate on loan number 1126 to 10% per annum.

From May 1975 to April 1976 Lomas & Nettleton Financial submitted to H. Roger Lawler and Lawler Investment Company interest statements on loan number 1126 which reflected an interest rate of 10% per annum and a per diem calculation of interest on the basis of $\frac{1}{360}$ of the annual percentage rate.

### Loan Number 1667

On October 29, 1974, Lawler Corporation executed a promissory note in the principal amount of $200,000.00 payable to the order of Lomas & Nettleton Financial. The note specified an interest rate of 18% per annum and a maturity date of 30 days after the execution. It was secured by deed of trust of even date which contained a savings clause identical to those in the deeds of trust executed on loans 607 and 1126.

Loan number 1667 was also evidenced by promissory note dated January 20, 1975, referred to as the "1667 renewal note" and was executed by Lawler Corporation payable to the order of Lomas & Nettleton Financial in the principal sum of $230,-000.00. This note specified an interest rate of 5% over the prime interest rate of First National Bank of Dallas and a maturity date of January 20, 1976. This note was secured by deed of trust of even date which contained a savings clause identical to those in the deeds of trust securing loans number 607 and 1126 and provided that the note was given in renewal of the note dated October 29, 1974. H. Roger Lawler executed a written guaranty of loan number 1667.

From November of 1974 through April of 1976 Lomas & Nettleton Financial submitted to Lawler Investment Company and H. Roger Lawler monthly statements of interest on loan number 1667 which reflected interest rates varying from 10 to 18% per annum and a per diem calculation of interest on the basis of $\frac{1}{365}$ of the annual percentage rate.

The United States Bankruptcy Court, in orders that became final and unappealable, held that "the Lawler Family Trusts were formed by assets belonging to Frances H. Roger Lawler and that such trusts were from their inception and at all times the same entity in law and in fact as H. Roger Lawler and that the same should be declared as his alter egos from the beginning" and that Lawler Corporation and Lawler Management Company "are now and at all times have been the alter egos of H. Roger Lawler to the extent that they must be regarded as one and the same entity in law."

Based upon the agreed statement of facts, the trial court rendered final judgment decreeing (1) that Lomas & Nettleton Financial Corporation charged the Lawler Family Trust usurious interest on loan number 607 for the period from March 21, 1972, through March 1, 1975, such interest being in the sum of $118,711.52, being charged at the rate in excess of 10% per annum; (2) that the interest charged by Lomas & Nettleton Financial Corporation on loan number 607 from March 1, 1975, to April 30, 1976, was not usurious in that the loan during such period was to a corporate borrower and the interest rate did not exceed 1½% per month; (3) that the interest charged on loan number 1126 and loan number 1667 were not usurious in that both loans were corporate loans and the interest rate did not exceed 1½% per month. Based upon these findings the trial court rendered judgment awarding the Lawler Family Trust judgment from Lomas & Nettleton Investors and Lomas & Nettleton Financial in the sum of $237,-423.04 with interest and attorney's fees. The court denied the Lawler Family Trust recovery on the usurious interest claim by them in connection with loans number 1126 and 1667.

■ Lomas & Nettleton Mortgage Investors and Lomas & Nettleton Financial Corporation, as defendants-appellants, contend, in their only point of error, that the trial court erroneously concluded that usurious interest was charged on loan number 607 for the reason that the amount of interest charged on such loan was less than the amount which could have been lawfully charged. There is no question but that

during the period relevant to this action the statutory maximum legal rate of interest on loans to individuals was 10% per annum. TEX.REV.CIV.STAT.ANN. art. 5069–1.01. The statutory maximum legal rate of interest on loans to a corporation was 1½% per month or 18% per annum. TEX. REV.CIV.STAT.ANN. art. 1302–2.09. It is settled law of this state that the question of usury must be determined by construction of all the documents constituting the loan transaction, interpreted as a whole and in the light of the attending circumstances. *Nevels v. Harris*, 129 Tex. 190, 102 S.W.2d 1046, 1048 (1937); *Dorfman v. Smith*, 517 S.W.2d 562, 566 (Tex.Civ.App. —Houston [1st Dist.] 1974, no writ); *Greer v. Franklin Life Insurance Company*, 109 S.W.2d 305, 310 (Tex.Civ.App.—Dallas 1937, writ dism'd by agreement); *Spanish Village, Ltd. v. American Mortgage Company*, 586 S.W.2d 195 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.).

■ Lomas & Nettleton contend that while the original note and loan was made to individuals, and therefore subject to the 10% maximum interest charged, that the renewal and extension of the original note which was executed by Lawler Corporation on January 20, 1975, such corporation having been chartered on May 1, 1973, during the life of the original note, and such corporation being composed of the individuals who were obligated on the original note, did not change the original indebtedness and therefore under the "spreading doctrine" the interest charged on both the original note and the renewal and extension thereof did not exceed the maximum amount of interest that could have legally been charged. We sustain this contention and reverse that part of the trial court's decision holding the original loan to be usurious.

The "spreading doctrine" was announced by the Supreme Court in *Nevels*, 102 S.W.2d at 1049–50, and has been consistently followed in *Tanner Development Company v. Ferguson*, 561 S.W.2d 777 (Tex.1977); *First State Bank of Bedford v. Miller*, 563 S.W.2d 572, 573 (Tex.1978); and

*Spanish Village Ltd.*, 586 S.W.2d at 200. The test, as briefly stated in *Nevels*, states:

> If the contract for the use and detention of the principal debt is not a sum greater than such debt will produce at 10% per annum from the time the borrower had the use of the money until it is repaid, it is not usurious.

The trial court, in determining that Lomas & Nettleton Financial charged usurious interest on loan number 607 from March 1, 1972, until March 1, 1975, improperly failed to test this loan for usury by spreading the interest charged over the entire term during the time which the true borrower had use of the proceeds of the loan. Such spreading would have established that Lomas & Nettleton Financial charged less than it could lawfully have charged on loan number 607.

Nicoladze, appellee, contends that the "spreading doctrine" should not be applied because the renewal and extension note executed by the corporation was not, in fact, a continuation of the old and original note but was a "new" transaction and therefore not to be held applicable to the "spreading doctrine." It relies upon *Republic Bank of Dallas v. Shook*, 653 S.W.2d 278 (Tex.1983), in which the bank required Shook, as borrower, and as obligor on the original note, to incorporate and execute a new note in the name of the corporation bearing additional interest. We cannot agree with appellee's contention in this regard. In the case before us, the corporation which executed the extension agreement was not created for the purpose of setting up a new indebtedness but on the contrary was created by the original obligors in 1973, some two years before the execution of the renewal agreement note.

■ In *Schwab v. Schlumberger Well Surveying Corporation*, 145 Tex. 379, 198 S.W.2d 79 (1946), the supreme court held that the giving of a new note for a debt evidenced by a former note does not extinguish the original indebtedness unless such is the intention of the parties. Such intention is never presumed. The original debt is not increased; it remains the same; it is

in substance and in fact the same indebtedness evidenced by a new promise. *See also Bank of Austin v. Larry Barnett*, 549 S.W.2d 428, 430 (Tex.Civ.App.—Austin 1977, no writ). The agreed statement of facts upon which the trial court based its decision specifically provided that the renewal note represented "the principal and accrued and unpaid interest of the March 21, 1972, promissory note executed by the Lawler Trust." For these reasons we deny appellee's contention and hold that the trial court erred in separating loan number 607 from its renewal note and in failing to apply this "spreading doctrine."

George Nicoladze, trustee for the Lawler Family Trust, as appellant, presents three points of error contending that the trial court erred in holding that the interest charged on loans 1126, 1667 and that portion of loan number 607 for March 1, 1975 to April 30, 1976 was not usury.

In points number one and two Nicoladze argues that loan number 607 from March 1, 1975 to April 30, 1976 was a loan to a corporate borrower with a maximum legal interest rate of 1½% per month, that the maximum legal rate on loan 1126 had a similar maximum legal rate, and that since Lawler Corporation did not agree to a rate of interest of 10% such loans should have been held to be usurious.

TEX.REV.CIV.STAT.ANN. art. 1302–2.-09 (Vernon 1980) provides that:

> Notwithstanding any other provisions of the law, corporations, domisticate or foreign, may agree to and stipulate for any rate of interest as such corporation may determine, but not to exceed 1½% per month on any debts of such corporation under which the original principle amount is $5,000 or more....

Nicoladze asserts that the Lawler Family Trust was charged interest at the rate of at least 10.139% on a continuous basis on loan 1126 and loan 607. Having not agreed to pay more than 10% per annum such constituted usury. Appellant relies upon the case of *Carr Well Service, Inc. v. Skytop Rig Co.*, 582 S.W.2d 500 (Tex.Civ.App.—El Paso 1979, no writ).

Defendants-appellees the Lomas & Nettleton Investments and Lomas & Nettleton Financial Corporation contend that the decision in *Carr Well, Inc.*, is not binding in this case for the reason that the corporate borrower in the loans in question did agree, as provided by statute, to pay interest in excess of 10%.

The loan 607 renewal note effective March 1, 1975, provided that "interest on this note shall be calculated at a daily rate equal to ⅟₃₆₀ of the annual percentage rate stated above." This constituted an agreement on the behalf of the corporate borrower to pay the per diem calculation of interest with the result that the effective rate of interest to which the corporate borrower agreed was 10.139% per annum. On September 20, 1975 the parties modified the agreement to provide for a rate of 10%, but such modification did not replace the note number 607, it merely changed some of the terms and specifically provided that:

> The terms and conditions here shall in no manner impair, limit, restrict or otherwise affect, except as explicitly provided by the terms and conditions hereof, the obligations of borrower and guarrantor to lender evidence by the note and deed of trust, is modified and amended here by, the guarantor or any other loan documents, as modified and amended here by.

Loan number 1126 was evidenced by a note dated May 3, 1973, executed by Lawler Corporation to Mercantile Safe and Deposit Company of Baltimore, Maryland, in the original amount of $2,200,000. The note specified an interest rate of 8 and ¼%. Simultaneously, Lomas & Nettleton Financial agreed to purchase loan 1126 at maturity with a balance of said note to bear interest at 10% per annum. On May 21, 1975, Lomas & Nettleton Financial assumed the promissory note from Mercantile. On September 25, 1975, Lomas & Nettleton and the Lawler Corporation entered into a modification and extension agreement for loan 1126 providing for interest at the rate of 10% per annum. From May 1975 through April 1976, Lomas &

Nettleton Financial charged interest at the rate of 10.139% and totaling $210,187.83.

We find nothing in this record to indicate that the obligors of the note evidencing loan 1126 at any time consented or agreed to pay interest on said note in excess of 10%. Lomas & Nettleton does not contend in its brief that there was such an agreement to pay interest in excess of 10%. It attempts to evade the charge of usury by applying the "spreading doctrine." In this connection it contends that since the note provided for 18% per annum interest on the note after maturity and during default that such rate of interest should be spread over the entire note. We cannot agree with this contention. While Lomas & Nettleton states that the loan was in default from January through April 1976 it points to no part of the record to support this contention. The case was submitted on an agreed statement of facts and there's no mention of default in that agreed statement.

Accordingly, we sustain appellant, George Nicoladze's point of error number two dealing with loan number 1126. *Carr Well Services, Inc. v. Skytop Rig*, 582 S.W.2d 500 (Tex.Civ.App.—El Paso 1979, no writ); TEX.REV.CIV.STAT.ANN. art. 1302–2.09 (Vernon 1980).

■ Finally, in point of error number three, appellant Nicoladze contends that the trial court erred in failing to hold Lomas & Nettleton liable for usury violations on both loans 1126 and 1667 in that interest demand statements exceeding 10% per annum were delivered and sent to a noncorporate party and thus constituted a charging of usurious interest in violation of article 5069–1.01 et seq. The record reveals monthly statements on all three loans, 607, 1126 and 1667, and the Lawler Investment Company and/or H. Roger Lawler, individually were invoiced and billed for such interest. Each statement, while reciting an interest of 10% was actually computed and billed at the rate of 10.139%. Relying upon *Windhorst v. Adcock Pipe and Supply*, 547 S.W.2d 260 (Tex.1977) appellant Nicoladze contends that submitting of statements of interest due constitutes the

"charging" of interest pursuant to article 1302–2.09.

We overrule appellant Nicoladze's contention. The judicial determination of the United States Bankruptcy Court and also the pleadings in the case under consideration establish conclusively that the Lawler Trust, Lawler Corporation and Lawler Investment Company were alter egos of H. Roger Lawler and were "all the same entity, in law and in fact." The true borrower, H. Roger Lawler, executed the 607 renewal note, the 1126 note and the 1667 note, as well as the 1667 renewal note acting through his corporation, Lawler Corporation, to further his business or commercial enterprise.

■ Only an obligor on a note can be recover for usury. *Patterson v. Neel*, 610 S.W.2d 154, 156 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The Lawler Investment Company was not an obligor, H. Roger Lawler was the guarantor on these notes. The guarantors are not obligors. *Id.; Universal Metals and Machinery, Inc. v. Bohart*, 539 S.W.2d 874, 879 (Tex.1976). Appellant's third point is overruled.

The judgment of the trial court finding that loan 607 was usurious is reversed and remanded. The judgment of the trial court finding that loan number 1667 was not usurious is affirmed.

The judgment of the trial court finding that loan 1126 was not usurious is reversed and remanded to the trial court for a determination of the correct judgment to be rendered in accordance with this opinion.

Affirmed in part and reversed and remanded in part.